## TEXAS & PACIFIC RAILWAY COMPANY *v.* KIRK.

### IN ERROR TO THE SUPREME COURT OF TEXAS.

Submitted April 3d, 1884.—Decided April 21st, 1884.

*Amendment—Error—Practice.*

Under authority conferred upon the court by § 1005 Rev. Stat., a writ of error bearing a wrong teste, signatures of justice and of clerk, and seal of court, may be amended as to teste and signature of justice by order of court, and as to seal and signature of clerk by directing them to be affixed.

Motion to dismiss, with which was united motion to affirm.

*Mr. A. H. Garland* and *Mr. W. Hallett Phillips* for motion.

*Mr. John F. Dillon, Mr. John C. Brown, Mr. Wager Swayne,* and *Mr. W. D. Davidge* opposing.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The defendant in error moves to dismiss this case for want of a sufficient writ of error, and with this motion is united one

to affirm under sec. 5 of Rule 6. The plaintiff in error moves for leave to amend the writ.

In our opinion the motion to amend should be granted. The writ is in every respect in accordance with the form transmitted by the clerk of this court to the clerks of the Circuit Courts, under the authority of the act of May 8th, 1792, c. 36, sec. 9, now sec. 1004 of the Revised Statutes, except that it is made returnable on a wrong day, bears the teste of the Chief Justice of the Supreme Court of Texas, and is signed by the chief justice and the clerk, and sealed with the seal of that court. It commands the Justices of the Supreme Court of Texas, in the name of the President of the United States, to transmit to this court for review their record and proceedings in a certain suit, which is properly described, and the return has been made and the cause duly docketed here. In *Bondurant* v. *Watson*, 103 U. S. 278, relied on in support of the motion to dismiss, the writ did not purport to be issued in the name of the President, or under the authority of the United States. It was in reality nothing more than an order of the Supreme Court of Louisiana to its clerk to transmit the record and proceedings of that court in a certain cause to this court for review.

By sec. 1005 of the Revised Statutes, we are authorized to allow an amendment of a writ of error, when there has been a mistake in the teste, or a seal is wanting, or the writ is made returnable on a wrong day, "and in all other particulars of form." This writ is signed by the clerk of the Supreme Court of Texas; and in *McDonough* v. *Millaudon*, 3 How. 693, 707, the question whether that was not sufficient was left open. But however that may be, we think all the defects which are complained of are such as come within the remedial provisions of the statute, and the amendments asked for may be made, save only that the seal and the signature of the clerk of this court, instead of the Circuit Court of the Western District of Texas, may be affixed to the writ. If the amendments are made on or before Monday next, the motion to dismiss will be denied, otherwise it will be granted.

The case upon the merits is not of a character to be disposed of on a motion to affirm.    *That motion is overruled.*