## W. J. WILLIAMS ET AL., PLAINTIFFS IN ERROR, VS. F. B. PITT AND W. A. THOMPSON, DEFENDANTS IN ERROR.

1. A clerical mistake or inadvertance in testing a writ of errror in the name of the former, instead of the present, Chief-Justice of this court can be rectified by amendment, and such amendment should be directed to be made.

2. Where one party to the proceedings seek to excuse the failure to serve papers upon the opposite party as required by the rules, upon a claim that the adverse party has waived such service, and this waiver of service is disputed, the burden of proof is upon the party asserting the affirmative of the proposition.

3. A paper purporting to be an abstract of the record, but which is only a list of the papers filed in the case in chronological order, with some slight history of the proceedings and allusions to contents of the papers filed, and references to the transcript of the record, wholly fails to accomplish the purpose of an abstract of the record as provided by the rules of this court.

4. The referee refused to sign the bill of exceptions presented to him upon the ground, among others, that they incorrectly stated the proceedings before him; three persons then signed the same. Such persons only certify that the bill was presented to the referee and that he refused to sign, and that they have

Williams et al. v. Pitt and Thompson.—Opinion of Court.

signed. They do not appear to have been present at the trial, or to have any knowledge of the matters stated in the supposed bill of exceptions, and do not certify to the truthfulness of the same. Such paper is of no validity whatever, and can not be considered as a part of the record of the case.

5. A bill of exceptions imports verity. It was not the intention of our statute (Rev. Stats., sec. 1268) to admit bills of exceptions as effective and valid, where the judge had refused to sign the same, except upon the certificate of three persons who have knowledge of the matters recited therein, and will vouch for the truthfulness thereof.

Plaintiffs in error allowed thirty days to file and serve proper abstracts of the transcript, and, failing to comply with the order, that the writ of error be quashed, and the case do stand dismissed without further order.

Motion by defendants in error to quash writ of error and to dismiss the cause.

*Fred. T. Myers*, for Motion.

*O. T. Stanford, Contra.*

LIDDON, J.:

The grounds of the motion insisted upon are: 1st. The said writ of error is not tested in the name of the Chief-Justice of this court as required by law. 3d. No copy of the transcript of the record has been served upon defendants in error, or their attorneys, or either of them, as required by the rules of this court. 4th. No abstract of the record has been served upon the defendants in error, or their attorneys, or either of them, as required by the rules of this court. 5th. The paper writings contained in the record purporting to be bills of exceptions are not in conformity with the rules of this court governing the preparation of such bills. 6th. The paper writings filed in this court

purporting to be abstracts of record are not such abstracts as are required by the rules of this court. Examining these grounds, we find that the writ of error was tested in the name of a former, instead of the present, Chief-Justice of this court—the former Chief-Justice being still a justice and member of the court. This technical mistake or error can be rectified by amendment. It is so clearly apparent to us that it is the result of inadvertence, or a clerical error, that we hereby direct it to be amended so as to be tested in the name of the present Chief-Justice; and, considering that such amendment has been made, proceed to the disposition of the other questions presented by the motion.

Upon the third and fourth grounds the plaintiffs in error admit that no service of the papers therein named has been made as required by the rules of this court, but claim that such service was waived by a verbal agreement between counsel for the respective parties. Affidavits have been filed by each party upon the subject. Examining them, we do not think those offered by plaintiffs in error sufficiently sustain the burden of proof which rests upon them. Properly speaking, the agreement being in reference to a cause before this court, should have been in writing and filed here, in order for us to consider it or be governed by it in any manner. Steele vs. State, 33 Fla. 354, 14 South. Rep. 841.

The sixth ground—in regard to abstracts of the record on file in this court—is well taken. The paper purporting to be an abstract of the record is only a list of the papers filed in the case in chronological order, with some slight history of the proceedings in the case, and some slight allusions to the contents of

the papers filed as pleadings. It contains references to the transcript of the record. It wholly fails to accomplish the object and purpose of an abstract of the record, as provided by the rules of this court. The nature of an abstract of the record, and a statement of what should be contained or expressed therein, and what should be omitted therefrom, has been fully set forth in recent decisions of this court. Poyntz vs. Reynolds, 37 Fla. 533, 19 South. Rep. 649; Allen vs. Lewis, 38 Fla. 115, 20 South. Rep. 821.

The record contains two papers; one of which purports to be the ordinary bill, and the other an evidentiary bill of exceptions. They both flagrantly violate the rules prescribed by this court as to the form and nature of bills of exception, and therefore could not be considered by us. We need not consider these supposed bills of exceptions as to the fault mentioned, for we find a more serious and fatal defect in them, which, without regard to the form in which they are prepared, prevents our taking them into consideration as a part of the record. The case was tried before a referee. He does not sign either of the bills of exceptions, and in a certificate attached to each stating his refusal so to do, places such refusal upon the ground, among others, in substance, that the bill as prepared and presented to him contained statements of proceedings before him which were not had and of exceptions being taken which were not taken at the trial. Following such certificate of the referee to each of the papers is the following: "State of Florida, County of DeSoto—We, and each of us, do hereby certify that the foregoing bill of exceptions was presented to Howard J. Spence, referee in said cause, on April the 9th, 1896, and that the said referee refused

to sign said bill of exceptions, and that we, in the presence of said referee, the said Howard J. Spence, and in the presence of each other, do in the town of Arcadia, county of DeSoto and State of Florida, sign the same by hereunto subscribing our names in our own proper handwriting respectively. Jas. W. Craig, Henry W. Snelson, Frank Kellow." This action is claimed to be in accordance with section 1268 Revised Statutes, as follows: "The judge of any court of this State, upon a trial at law in said court, shall sign, upon request, any bill of exceptions taken during the progress of the cause and tendered to the court if said bill as tendered fairly states the truth of the matter, and the exception designed to be taken; and the same shall, when signed, become a part of the record of such cause; and in case the judge refuses to sign a bill of exceptions when so tendered for that purpose, it shall be lawful for three persons to sign the same in the presence of the judge and certify that the same was presented to the judge and he refused to sign it, which bill shall be as valid and have the same force as though it were signed by the judge of said court; and the court shall permit the same to be filed and become a part of the record. And if the judge refuses to let the same be filed as aforesaid, the Supreme Court may, when such case is brought before them by writ of error, upon affidavit of such refusal, admit such bill of exceptions as a part of the record." The parties who sign in the place of the referee do not appear to have been present at the trial, or to have any knowledge of the matters contained in the bill which they sign; neither do they certify to the truthfulness of the same. Conceding, for the purposes of this decision, but not deciding the point, that the statute above

cited has reference to bills of exceptions before referees as well as judges, the question is whether a bill of exceptions, signed by three unofficial persons, who do not certify to its truthfulness or to any knowledge of the matters and things therein set forth is of any validity? A Texas statute was very similar to our act above quoted. The only substantial difference as affecting the present question is, that the Texas act, in specifying those who might sign the bill, used the words "three bystanders who are reputable inhabitants of the State," where our statutes uses the word "persons." Under this act it was held in Houston vs. Jones, 4 Texas, 170, that the certificate of the bystanders must show on its face that the persons signing were bystanders; that they were present when the fact in dispute between themselves and the judge occurred in court, and must point directly to the matter in issue. A bare certificate by such bystanders that the paper purporting to be a bill of exceptions was presented to the judge, and that he refused to sign the same, would not be sufficient. This case was followed, and the same principles were announced in the later case of Heidenheimer vs. Thomas, 63 Texas, 287. In 3 Ency. of Pl. & Pr., p. 498, the general rule applicable is stated thus: "The certificate of the bystanders must show that they were in fact bystanders present in court when the facts in dispute occurred, cognizant of the facts, and that they were not participants in the cause or interested therein." Guided by these authorities, we are bound to answer the questions above asked in reference to the purported bills of exceptions before us in the negative, and to hold that they are of no validity, and can not be regarded as a part of the record. To give the statute any other construction

would be to open the door to the entrance of much greater evils than those the act was intended to prevent. If parties to litigation might manufacture bills of exceptions to suit themselves and upon the refusal of the judge, for good reason, to sign them, have the same signed by three persons who do not claim to know anything concerning the matters about which they are signing, and who certify nothing except that the judge has refused to sign, and that they have signed, the administration of justice in appellate courts would become a veritable farce. No judgment of the courts of original jurisdiction could stand where dishonest litigants saw fit to prepare untruthful bills of exceptions setting up fictitious, erroneous proceedings. A bill of exceptions imports verity. It was not the intention or purpose of the act to admit such bills as valid and effective where the judge had refused to sign the same, except upon the signature and certificate of persons who have knowledge of the matters recited therein, and will vouch for the truthfulness thereof.

Our conclusion is, that the plaintiffs in error be allowed thirty days in which to serve a copy of the transcript of the record, and to file and serve proper abstracts of such transcript; failing to comply with this order, that the writ of error be quashed and the cause do stand as dismissed without further order. In making such transcript and abstract the plaintiffs in error will not insert therein any matters appearing only in the papers purporting to be the bills of exceptions. They must be confined to the record proper.