SAMUEL STEWART AND LENNIE STEWART, PLAINTIFFS
IN ERROR, VS. THE STATE OF FLORIDA, DEFEN-
DANT IN ERROR.

Appellate Practice—Writ of Error How Tested.

Under Section 1270 Revised Statutes writs of error from the Su-
preme Court must be tested in the name of the Chief-Justice
of such court; and if tested in the name of the trial court judge,
it is tantamount to no writ of error at all, and will be dis-
missed by the court *sua sponte.*

Writ of Error to the Criminal Court of Record for
Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*Barron Phillipps*, for Plaintiff in Error.

*The Attorney-General*, for Defendant in Error.

PER CURIAM:

Upon taking up this cause for final adjudication the court is confronted with the fact that the writ of error therein, issued by the clerk of the Criminal Court of Record of Hillsborough county, is tested in the name of the Judge of the Criminal Court of Record, instead of in the name of the Chief-Justice of the Supreme Court, as is required by law (§1270 Rev. Stats.). This is tantamount to no writ of error at all, and no application being made to amend, even if such amendment could properly be made, the said writ is, therefore, hereby dismissed. Knight v. Weiskopf, 21 Fla. 157; Joost v. Elliott, 20 Fla. 924.