W. A. RYE, *Plaintiff in Error*, v. HADDIE V. BANKS, *Defendant in Error.*

Opinion Filed December 9, 1913.

Motion to Reinstate Denied January 9, 1914.

1.  While a writ of error is a common law writ, its issuance and return are controlled by definite statutory enactments.

2.  Where a writ of error is knowingly "dated back" to the filing of the praecipe and the writ is made returnable "more than ninety days from the date of the writ," in violation of the statute, this court will not after the dismissal of the writ and after the expiration of the time within which a writ of error may be issued. amend the date of the writ so as to make it effectual under the statute.

Writ of error to Circuit Court, Suwannee County; R. T. Boozer, Judge *Ad Litem.*

Motion to reinstate denied.

*Humphreys & Blackwell*, for Plaintiff in Error;

*L. E. Roberson*, for Defendant in Error.

PER CURIAM.—It appearing that this writ of error was sued out and entered on the fifth day of June, 1913, and was made returnable on the sixth day of September, 1913, more than ninety days from the date of the writ, in violation of Chapter 5638 of the Laws of 1907, it follows that it must be dismissed. Ates v. Langley, 61 Fla. 504.

Writ of error dismissed.

All concur.

## ON MOTION TO REINSTATE.

PER CURIAM.—The writ of error herein was dismissed because it bears date June 5, 1913, and was made returnable September 6, 1913, "more than ninety days from the date of the writ" in violation of the statute. A motion is made to reinstate the cause on the ground that the writ of error was in fact issued on June 10, 1913, instead of June 5, 1913, the date it bears. An affidavit of the clerk presented in support of the motion to reinstate states that the writ of error "did issue sometime between Monday morning, June the 9th, 1913, and the 11th day of June, the date of filing the supersedeas bond in said cause, and that the said writ of error was dated back to correspond with the file mark on the praecipe for said writ of error and between the record of said writ of error was dated back to correspond with the file mark on said praecipe."

An affidavit of counsel in support of the motion to reinstate avers "that several days before June 10th, 1913, affiant left the praecipe for writ of error in the above cause together with a blank and unexecuted supersedeas bond with the Clerk of the Court in and for Suwannee County and then and there stated to the said Clerk that he had written to W. A. Rye, the plaintiff, to come to Live Oak, and to call at the office and to execute said supersedeas bond and requested the Clerk at the time that should he call let him have the bond properly executed, and affiant then and there requested the said Clerk not to file the praecipe for writ of error until the 10th day of June, 1913, and not to issue said writ of error until June 10th, 1913; that the Clerk laid the papers aside and later either himself or some of his deputies put the file mark of June 5th on said praecipe for writ of error; but the said Clerk did not issue the writ of error in above cause on June 5th; that on June 10th, 1913, affiant went into the office of said Clerk and reminded him that that was the day to issue writ of error in above cause and requested him to issue the same, and the said Clerk did then and there issue the said writ of error and he had not issued it theretofore; that the said Clerk dated the attest of the writ of error back to correspond with the file mark on the praecipe for said writ which said file mark was erroneously placed on said praecipe, and the said writ of error was erronously dated June 5th, 1913, and it was actually issued on June 10th, 1913, and should have been dated June 10th, 1913; that the said Clerk fell into the error by reason of the fact that frequently he does not issue writs of error the day the praecipe for the same is filed, and when the writ is issued he often dates it back to correspond with the filing

of the praecipe; that the said Clerk was requested not to issue the writ of error in the above cause until the 10th of June, 1913, and it is a fact that it was not issued until that date, and affiant did not notice that the said writ had been dated back to June 5th, but believed that the Clerk would and did date the same the day it was issued, that is June 10th, 1913, and did not discover the error in said date until the receipt of notice from the Clerk of the Supreme Court that the said Court had dismissed said writ of error; that the said writ of error was actually attested on the 10th day of June, 1913, and was made returnable 88 days from the time it was actually issued and actually attested."

While a writ of error is a common law writ, its issuance and return are controlled by definite statutory enactments. The statute provides that a writ of error shall issue on demand as matter of right "and shall be returnable to a day, either in term time or vacation more than thirty days, and not more than ninety days from the date of the writ." Chapter 5638 Acts of 1907.

The effect of the statute is to make the date of the writ a material part thereof, since the writ shall be "returnable    *    *    more than thirty days and not more than ninety days from the date of the writ."

The statute also requires the writ of error to be recorded by the Clerk in the minute book of the Circuit Court, which record gives the Supreme Court jurisdiction over the person of the defendant in error and dispenses with the issuance and service of the common law writ of scire facias. Sec. 1704 Gen. Stats. of 1906. The writ of error purports to have been issued and recorded June 5th, 1913; and on its face it is violative of the statute.

The writ was not erroneously dated by mistake or oversight. The affidavit of the Clerk clearly shows that he "dated back" the writ of error intentionally to correspond with the file mark on the praecipe for the writ of error.

The judgment to which the writ of error was taken was rendered May 13, 1913. Six months is the statutory limit for taking a writ of error. The motion to reinstate is presented in December, 1913, after the cause had been regularly reached on the docket and the writ dismissed. This court will not after the expiration of the time within which a writ of error may be taken, amend the date of a writ of error that was knowingly "dated back" to the filing of the praecipe, and amend the record thereof, so as to make an ineffectual writ effective to bring a cause of action to the appellate court.

The motion to reinstate is denied.

SHACKFORD, C. J., AND TAYLOR, COCKRELL, HOCKER, AND WHITFIE,D, J. J., concur.