D. C. LANGFORD, *Plaintiff in Error,* v. W. W. LANGFORD, *Defendant in Error.*

## Opinion Filed April 21, 1921.

Where the trial judge refuses to sign a bill of exceptions presented to him for that purpose, the statute (Section 1696, Gen. Stats. of 1906) does not authorize its signature by the plaintiff himself and two attorneys who represented him in the trial and a paper in the form of a bill of exceptions copied in the transcript of the record in such case filed in this court authenticated in no way except by the signature and affidavit of such "three persons," with nothing in the record to indicate that the trial judge permitted such paper "to be filed and become a part of the record" is not a bill of exceptions and such paper may be stricken from the record on motion.

A Writ of Error to the Circuit Court for DeSoto County; George W. Whitehurst, Judge.

Judgment affirmed.

*Leitner & Leitner,* for Plaintiff in Error;

*W. C. Langford,* for Defendant in Error.

WEST, J.—In an action to recover certain sums of money alleged to be due from defendant to plaintiff the verdict was for defendant. To review the judgment entered upon this verdict, writ of eror was taken from this court.

The assignments of error allege error in denying defendant's motion for a new trial and in entering judgment for defendant. The grounds of the motion for new

trial are that the verdict is contrary to the evidence, contrary to the law and contrary to the charge of the court.

Motion has been made in this court to strike from the transcript of the record the bill of exceptions contained therein on various grounds. The paper copied in the record purporting to be a bill of exceptions is not signed by the judge. Appended to it is an affidavit of three individuals, who, according to an affidavit in support of the motion to strike, are the plaintiff himself and the two attorneys who represented him in the court below. This affidavit is an attempted compliance with the provisions of Section 1696, General Statutes of 1906. Affiants say that the judge "has refused to sign the said bill of exceptions, and states that he at no time will sign such bill of exceptions." There is nothing in the record to indicate or suggest that the trial court permitted the paper "to be filed and become a part of the record." It is authenticated in no way except by the affidavit of plaintiff and his counsel. This clearly is not what the statute contemplates. Sec. 1696, Gen. Stats. 1906; Montgomery v. State, 54 Fla. 73, 45 South. Rep. 813; Williams v. Pitt, 38 Fla. 162, 20 South. Rep. 936; 3 Ency. Pl. & Pr. p. 498.

The case was tried and the record made up before Chapter 7838, Acts of 1919, went into effect.

The motion to strike the bill of exceptions will be granted, and since the assignments of error are predicated upon matters contained in the bill of exceptions, nothing remains for consideration. So the judgment will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.