FARMERS BANK & TRUST COMPANY, AS EXECUTOR OF THE LAST WILL AND TESTAMENT OF H. F. HAMMON, DECEASED, *Plaintiff in Error,* v. W. H. POWER, *Defendant in Error.*

## Division B.

## Opinion Filed December 19, 1925.

Where a writ of error is dated March 28, 1925, and made returnable August 20, 1925, or where a writ of error is issued May 28, 1925, and intentionally .dated March 28, 1925, and made returnable August 20, 1925, which is more than 90 days from the date of the writ, or where a writ of error may have been issued by the Clerk of the Circuit Court on May 28, 1925, returnable August 20, 1925, but was dated March 28, 1925, and the original date had been altered so as to read May 28, 1925, and such alteration was not made by the clerk or by any one else who was duly authorized so to do, the writ of error in either of such cases is ineffectual, and will be dismissed upon proper motion and supporting affidavits.

A Writ of Error to the Circuit Court for Palm Beach County; C. E. Chillingworth, Judge.

Writ of Error dismissed.

*M. D. Carmichael* and *Ernest Metcalf,* for Plaintiff in Error;

*Blackwell* and *Donnell,* for Defendant in Error.

WHITFIELD, J.—A motion is made to dismiss the Writ of Error herein which was issued by the Clerk of the Circuit Court (Sec. 2908, Rev. Gen. Stats., 1920) on grounds (1) that it is not tested in the name of the Chief Justice of this Court; (2) that the writ when issued bore date March 28, 1925, and made returnable August 20, 1925, more than ninety days from the date of the writ; (3) that the writ and the record thereof have been materially altered in that the word ''March'' in the attest clause has been erased and the word ''May'' written in lieu thereof both in the writ and in the record thereof; (4) that the writ and the record thereof are severally false, forged and counterfeit.

The statutes provide: ''All Writs of Error shall be tested in the name of the Chief Justice of the Supreme Court and shall issue on demand as matter of right, from the office of the Clerk of the Appellate Court or from that of the Clerk of the Court (or if there be no Clerk, from the office of the Judge) in which the judgment has been rendered, and shall be returnable to a day, either in term time or vacation more than thirty days and not more than ninety days from the date of the writ.'' See 2908, Rev. Gen. Stats., 1920.

''All Writs of Error from the Circuit Court to the Supreme Court in civil causes shall be recorded by the Clerk of the Circuit Court to whom such Writ of Error is addressed in the minute book of his Court within ten days after its issuance or receipt by him, and such record-

ing by the Clerk of the Writ of Error shall be deemed, taken and held to be sufficient notice to the defendant in error of the pendency of such Writ of Error proceeding in the Supreme Court, and the Supreme Court shall thereby acquire complete jurisdiction over the person of such defendant in error." Sec. 2914, Rev. Gen. Stats., 1920.

The Clerk of the Circuit Court who issued the Writ of Error makes affidavit that he "did personally issue the Writ of Error" in the case; "that the word "May" in said attest part of said Writ of Error is not in my handwriting, but is in the handwriting of some one unknown to me"; "that I do not now know the date originally inserted in the attest clause of said Writ of Error nor the date upon which it purported to have been issued when originally drawn, but that I do know that the name of the month originally inserted and written into said attest clause of said Writ of Error has been erased or taken out by ink eradicator or some other substance and the word 'May' for the name of said month has been inserted or written therein in place and in lieu of the name of the month first written therein and afterwards eradicated, so that now said writ in its altered form purports to have been issued the 28th of May, A. D. 1925; and that said Writ of Error since it was originally issued has been modified, changed and altered; that such change or alteration was made by someone unknown to me, and was not made under my direction and was not made with my knowledge or consent; that said Writ of Error as originally issued was duly recorded in the minutes of the Circuit Court of Palm Beach County, Florida, in book on page 171, and that I have examined the said record of said Writ of Error and find that the record has been altered and changed since it was originally made in this: The entire word for the name of the month in the attest clause of said

writ as the same was originally spread upon said record is not intact nor as it originally appeared upon said record; that the first two letters of said word, viz: the letters 'Ma' are intact and then it appears that the balance of the word has been erased or taken out by ink eradicator or some other substance and the letter 'y' added to the portion remaining in lieu of the portion eradicated so as it now appears from said record in its altered form that said Writ of Error was attested on the 28th day of May, A. D. 1925; that the record of said Writ of Error has been changed and altered in the particulars pointed out and since the record was first made, and that such change and alteration was made by some one unknown to me and was not made under my direction nor with my knowledge or consent; that I do not now know what date was originally inserted in the attest clause of said Writ of Error; I have been informed that it was the 28th day of March, A. D. 1925; and I cannot now say that I did or did not date the Writ of Error back or antedate the same at the time of issuance, and if I did, I can not now say whether it was done intentionally for some purpose under the direction of some one interested or was done merely accidentally and inadvertently.''

In another affidavit the same clerk deposes ''that he has personally examined the file in the above entitled cause, and that there appears in said file a praecipe for a Writ of Error, which said praecipe bears the file mark, in his own handwriting, of May 28th, A. D. 1925; that said file mark shows no evidence of alteration or change, but is now in exactly the same condition as it was when made. This affiant further says that he does not, in any cause, issue a Writ of Error until after or upon the same date of the filing of a praecipe for such Writ, and that in this cause he did not issue a Writ of Error prior to May 28th, A. D. 1925; that he has checked the records in said cause as they appear

in his office, and that he has also checked the file in said cause, which is kept in his office, and that neither said record nor said file shows any praecipe for a Writ of Error bearing a file mark previous to May 28th, A. D. 1925; that if said original Writ of Error on file in this Honorable Court bears any evidence of change or alteration, that he has no knowledge of how, when or by whom said change was made, but that the date of said Writ of Error, to-wit, May 28th, A. D. 1925, is the true and correct date upon which said writ of error was issued; that he has four deputy clerks under him and no more, namely, Stella M. Thomas, Merle P. Johnston, Leon D. Bushong, and F. L. Burnett; that the above named deputies are the only persons in his office authorized to act as deputy clerks and that no other persons in his office are authorized to issue process or to sign other papers or certificates in his name as deputy clerk.''

The four named persons severally made affidavit ''that if any changes or alteration has been made in the writ of error in the above cause, or if any change or alteration has been made in the record of said writ of error as the same is recorded in Minute Book 14, at page 171, of the Minutes of the Circuit Court of Palm Beach County, Florida, that such changes or alterations were not made by him or her or under his or her direction or with his or her knowledge or consent, and that he or she does not know when, nor by whom, such changes or alterations were made.''

Eva Winter ''deposes and says that she is an employee in the office of Fred E. Fenno, Clerk of the Circuit Court in and for Palm Beach County, Florida; that she has been so employed since May 1st, A. D. 1925; that she has inspected the Circuit Court Minute Book No. 14, at page 171, and the several pages immediately following; and this affiant further says that, as a part of her duties as such employee in said office under the direction of said Fred E.

Fenno, she entered in said Minute Book No. 14, at page 171, the Writ of Error in the above entitled cause; and that the entry as it now appears is in her own handwriting and is in the same form as it was when she originally made said entry; and that such changes, corrections, or alterations as now appear in said entry were made by her at the time of the making of such entry, in order that said entry might conform exactly in every respect with the words and figures of the original Writ of Error."

An attorney for movant deposes that "the first part of June, 1925, affiant examined said writ of error and the same at that time bore date and appeared to have been attested on the 28th day of March, A. D. 1925; affiant further examined the record of said writ of error as the same was recorded in the minutes of the Circuit Court of Palm Beach County, Florida, in Book 14 at page 171, and it appeared from said record that said writ of error bore date and was issued and attested on March 28th, 1925; that affiant is familiar with the handwriting of Fred E. Fenno, Clerk of the Circuit Court of Palm Beach County, Florida, and all of the written portion of said writ of error as distinct from the printed portion was in the handwriting of Fred E. Fenno when affiant first examined said Writ of Error in the early part of June, 1925; that affiant never saw said writ of error nor never examined the record of said writ of error again until some time about the latter part of August or the first part of September of 1925, but did make another examination of said writ of error and the record thereof about that time and found that said writ of error had been materially altered since he first saw it in that the word 'March' in the attest part of said writ of error had been erased or eradicated by ink eradicator or some other substance and the word 'May' written therein and in lieu thereof so that said writ of error then appeared erroneously and falsely to bear date of May 28th, 1925,

whereas in truth and in fact the same when originally issued bore date March 28th, 1925; affiant further examined about the latter part of August or the first part of September of 1925, the record of said writ of error as the same appears recorded in the minutes of the Circuit Court of Palm Beach County, Florida, in Book 14, at page 171, and found that the record of said writ of error had been materially altered since it was first made in that the last three letters of the word 'March' in the attest part of said writ of error, namely, the letters "rch' had been erased or eradicated by ink eradicator or some other substance and the letter 'y' written therein in lieu thereof so that it was erroneously and falsely made to appear by said record that said writ of error when it was originally issued bore date of May 28th, 1925, and that in truth and in fact said writ of error when it was originally issued did not bear date of May 28th, 1925, but on the contrary bore date of March 28th, 1925. That affiant does not know when said alteration was made in said writ of error or was made in said record of writ of error, but knows that it was made some time between the early part of June, 1925, and the 15th day of September, 1925, and that he does not know who is responsible for such alterations, nor by whom they were made."

An attorney for plaintiff in error deposed "that on May 28th, 1925, the affiant filed praecipe for Writ of Error in said cause; on the same day he filed his motion for supersedeas and his supersedeas bond, which was approved by the Clerk, and secured an order of supersedeas from the Judge; and further that on said date he asked Fred E. Fenno, Clerk of the Circuit Court in and for Palm Beach County, Florida, in which court said cause was pending, to issue the Writ of Error requested by the praecipe which he had just filed, and that said Clerk did, upon said May 28th, 1925, then and there, in his own handwriting, personally

prepare and issue the Writ of Error in said cause, which is now on file in this Honorable Court; that attached to this affidavit is the docket file from the office of M. D. Carmichael, the entries upon which docket file are in the handwriting of, and were made by, this affiant, and are true copies of the progress docket of the Circuit Court in and, for Plam Beach County, Florida, showing the steps taken in the above entitled cause. This affiant further says that on the 26th day of November, A. D. 1925, he checked over the records of the above entitled cause in the office of Fred E. Fenno, Clerk of the Circuit Court in and for Palm Beach County, Florida, in the presence of said Fred E. Fenno and others employed in the office of said Fenno and that at that time Eva Winter, an employee of said Fred E. Fenno, stated that she recorded the Writ of Error in the above entitled cause in the Minute Book of the above styled Circuit Court, the same being Minute Book 14, at page 171, and that she, entered said Writ of Error in said Book in exactly the same form in which it now appears, and this affiant further says that said entry shows the Writ of Error to bear the date of May 28th, A. D. 1925; and this affiant further says that he checked the file in said cause in the presence of said Fred E. Fenno and that the praecipe for the Writ of Error was found in said file and said praecipe bears file mark of May 28th, A. D. 1925, and said file mark shows no alterations, changes or corrections.''

Another attorney for plaintiff in error deposed that he has been associated with counsel in the cause since July 1, 1925; ''that upon several occasions he inspected the file and records in the office of the Clerk of the Circuit Court in and for Palm Beach County, Florida, in said cause, and that said file and said records are now in the same form, and have not been altered or changed since the 1st day of July, A. D. 1925; that in July, A. D. 1925, he made an inspection of said records and file in order to ascertain whether or not a

Writ of Error has been sued out in said cause, and that he found, at that time, that a Writ of Error had been sued out in proper form, and that said Writ of Error was, at that time returnable on August 20th, A. D. 1925, and showed upon its face that it bore date of May 28th, A. D. 1925, which is the same date that the praecipe for said Writ bears, according to the file mark thereon; that it is the same date as shown by the progress docket in said cause, and that it is the same date shown on the docket sheet in the office of M. D. Carmichael, and that docket sheet showing the entries when the various pleadings, motions, writs, orders and other pleadings in said cause were filed is atached to an affidavit made by Edwin T. Osteen and filed in this cause. This affiant further says that no changes have been made in the Writ of Error or in the record of same as shown in the Minute Book No. 14, at page 171, of the Circuit Court, since the 1st day of July, A. D. 1925.''

It appears from the quoted affidavits and from an inspection of the original writ of error that as the writ of error was issued by the Clerk of the Circuit Court in person it was dated March 28, 1925, and that the word ''March'' was at some time and by some unauthorized person changed to ''May.'' If issued on March 28, 1925, the writ was invalid because it was made returnable August 20, 1925, more than 90 days from March 28, 1925, the date of the writ. Gadsden v. State, 76 Fla. 543, 80 South. Rep. 308. If the writ was issued May 28th, 1925, and intentionally dated March 28th, 1925, it was ineffectual, and amendment is not permissible after the statutory period to take out a writ of error has expired. Rye v. Banks, 66 Fla. 434, 63 South. Rep. 825. If the writ was issued May 28th, 1925, and inadvertently dated March 28, 1925, and the error could authoritatively be corrected with or without leave of this court, no such authoritative correction has been attempted. Certainly the date of

the writ cannot lawfully be changed by an unauthorized person. It is clear that the date of the writ has been changed and it is shown that the change was not made or authorized by the clerk who issued the writ if he could make or authorize such a change in a vital part of the writ of error.

The necessary result is that if the writ was issued on March 28, 1925, returnable August 20, 1925, or issued May 28, 1925, and intentionally dated March 28, 1925, returnable August 20, 1925, the writ is ineffectual; and further as the date of the writ has been changed from March to May without authority, the writ is ineffectual for that reason.

As the writ of error must be dismissed because it was improperly issued or its date was changed without authority, it is not necessary to determine the effect of testing the writ in the name of a former Chief Justice of this Court who was not then a member of the court.

Writ of error dismissed.

TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.