THE MUTUAL LIFE INSURANCE COMPANY, *Plaintiff in Error,* v. BESSIE HARTLEY, *Defendant in Error.*

Division B.

Opinion Filed July 13, 1926.

1.  Where a writ of error is made returnable to a day not authorized by law, the writ is ineffectual and will be dismissed.

2. When a purported writ of error is not even colorably the writ of the court to which it is returnable, it is not amendable and will be dismissed.

3. Writs of error may be amended as to parties and as to formal defects upon due application.

4. Under the English Statute of 5 Geo. 1, Chapter 13, and Sections 71 and 2629, Revised General Statutes of 1920, writs of error issued for this court may be amended upon appropriate proceedings duly taken within proper time, and formal defects may by the court be regarded as amended, when the writ is not issued in violation of the statutes.

5. In an action on an insurance policy brought by the beneficiary other than the insured, pleas averring that the insured in his lifetime offered to surrender the policy for its cash value (which was not paid) and the insurer accepted the offer and canceled the policy, but not averring the consent or acquiescence of the beneficiary in the asserted surrender and cancellation of the policy, are subject to demurrer.

A Writ of Error to the Circuit Court for Volusia County; J. J. Dickinson, Judge.

Affirmed.

*Doggett, Christie & Doggett* and *R. Swinnerston,* for Plaintiff in Error.

*Landis, Fish, Hull & Whitehair* and *L. C. Crofton,* for Defendant in Error.

WHITFIELD, P. J.—The writ of error herein, issued by the Clerk of the Circuit Court, is tested in the name of a former Chief Justice of this court who was not a member of the court when the writ of error was issued. The writ

is therefore ineffectual unless it is amendable, since the statute provides that ''all writs of error shall be tested in the name of the Chief Justice of the Supreme Court.'' Sec. 2908, Rev. Gen. Stats., 1920.

In Williams v. Pitt, 38 Fla. 162, 20 South. Rep. 936, the writ was tested in the name of a former Chief Justice who was then a member of the court, and the error was held to be amendable. See Long v. Farmers' State Bank, 147 Fed. Rep. 360, 77 CCC. A. 538, 9 L. R. A. (N. S.) 585, 3 C. J 1209.

. Where a writ of error is made returnable to a day not authorized by law, the writ is ineffectual and will be dismissed. Driggs v. Higgins, 19 Fla. 103; Rye v. Banks, 66 Fla. 434, 63 South. Rep. 825; Savannah, F. & W. Ry. Co. v. Justice, 41 Fla. 508, 26 South. Rep. 704; Anderson v. State, 73 Fla. 86, 74 South. Rep. 6.

When a purported writ of error is not even colorably the writ of the court to which it is returnable, it is not amendable and will be dismissed. Bondurant v. Watson, 103 U. S. 278.

Writs of error may be amended as to parties and as to formal defects upon due application. West v. Johnson, 66 Fla. 4, 62 South. Rep. 913; Texas & P. Ry. Co. v. Kirk, 111 U. S. 486, 4 Sup. Ct. Rep. 500; Long v. Farmers' State Bank, *supra*.

The English statute of 5 Geo. 1, Ch. 13, provides: ''That all writs of error wherein there should be any variance from the original record, or other defect, may and shall be amended and made agreeable to such record by the' respective courts where such writ or writs of error shall be made returnable.'' This statute is in force in this State (Thomp. Comp. Manuscript, page 38), unless it is superseded by the 74th section, Chap. 1096, laws 1861, and if it is so superseded, the same power is vested in the courts

under the 74th section, now section 2629, Revised General Statutes, 1920. Loring v. Wittich, 16 Fla. 323, text 326.

The writ of error herein is in due form as a writ of this court except that it is tested in the name of a former Chief Justice of this court. Defendant in error has not moved to dismiss the writ of error because of the formal defect; nor has the plaintiff in error asked leave to amend. The cause has been submitted upon briefs. Under these circumstances the formal defect in the writ of error not affecting the jurisdiction of the court and being amendable will be regarded as having been amended in appropriate proceedings, when the writ is not issued in violation of the statutes.

An action was brought by the widow upon a policy of life insurance, the declaration alleging that the policy was payable to the insured husband and thereafter with the consent of the insurer was made payable to the plaintiff, wife of the insured.

The pleas averred that in his life time the insured offered to surrender the policy for its cash surrender value and defendant accepted said offer and canceled the policy whereby defendant became and is indebted for only the cash surrender value. The pleas do not aver the consent or acquiescence of the beneficiary (the plaintiff) in the asserted surrender and cancellation of the policy and admit that the cash surrender value of the policy was not paid. The pleas therefore were subject to the demurrer interposed, and the judgment rendered for the plaintiff upon demurrer sustained to the pleas, being proper, is affirmed.

TERRELL AND BUFORD, J. J., concur.

BROWN, C. J., AND ELLIS AND STRUM, J. J., concur in the opinion.