THOMAS PALMER, *Petitioner*, v. J. C. JOHNSON and E. W. LAMBE, Co-partners trading as J. C. JOHNSON CONSTRUCTION COMPANY, *Respondents*.

En Banc.

Opinion filed April 4, 1929.

*W. B. Dickenson* and *Paul Lake* for Petitioner;

*Jordan & Hill,* for Respondents.

BROWN, J.—Motion is made by the respondent to dismiss the writ of certiorari heretofore issued by this court upon the ground that the petition for said writ was not filed within thirty days after the rendition of the judgment of the Circuit Court for Hillsborough County, reversing the order of the Civil Court of Record of said county, which judgment of reversal was sought to be reviewed in this court by way of certiorari.

Chapter 11357 of the Laws of 1925, the act creating the Civil Court of Record for Hillsborough County, vests the Circuit Court with appellate jurisdiction as to all cases decided by the court so created. It further provides, as to such appellate judgments, that "it shall be competent for the Supreme Court to require by certiorari or otherwise upon the petition of any party thereto any case to be certified to the Supreme Court for its review and determination, with the same power and authority in the case as if it had been carried by writ of error to the Supreme Court, provided that such petition must be filed within thirty days after the rendering of such judgment by the Circuit Court."

It is doubtful if it was the intention of this provision of the act to circumscribe the power to issue writs of certiorari which this court already possessed under Sec. 5 of Art. V of the Constitution, to review and quash, on common law certiorari the proceedings of inferior tribunals, at least where such proceedings were had without jurisdiction and where no appeal or direct mode of reviewing the

proceedings exists; but if such was the intent, it would be ineffectual. See J. T. & K. W. Ry. Co. v. Boy, 34 Fla. 389, 16 So. R. 290; Harrison v. Frink, 75 Fla. 22, 77 So. R. 663; First National Bank v. Gibbs, 78 Fla. 118, 82 So. R. 618; Holliday v. Jacksonville etc., Road Co., 6 Fla. 304. It has been held in other jurisdictions that, though the writ be denied by a statute providing for another mode of review, yet if the inferior tribunal acts without jurisdiction the writ will still lie. 4 Encyc. Pledg. & Prac., 38, and cases cited. It is not necessary for us here to decide other features of the matter, but if, as is contended by the petitioner, the writ of error in this case was so fatally defective as to render it ineffectual as a means of invoking the appellate jurisdiction of the Circuit Court, this court could entertain the petition for certiorari and quash the judgment of the Circuit Court, in spite of the fact that the petition was not filed within thirty days from the rendition of such judgment. We will therefore proceed to consider this contention, which petitioner correctly admits in his brief to be the controlling question raised by the petition.

The point thus made is that the writ of error is tested in the names of the two judges of the Circuit Court instead of in the name of the Chief Justice of the Supreme Court, as required by Sec. 2908 Rev. Gen. Stats., now Sec. 4618 Comp. Gen. Laws of Florida. The writ of error is not otherwise objected to. Indeed, it appears in other respects to be regular in form, as does also the praecipe for the writ. It shows that it is the writ of the Circuit Court, and is expressly made returnable to "the Circuit Court of the Thirteenth Judicial Circuit," the court vested by law with the potential appellate jurisdiction of the case.

A writ of error is a mere instrument to bring up the record in aid of the exercise of an appellate and revisory

power or jurisdiction which is conferred, not by the writ, but by law. The writ is merely the mode or instrument for invoking the exercise of such appellate jurisdiction. It is not, therefore, every defect in such a writ which will be allowed to defeat the exercise of such jurisdiction. McDonough v. Millaudon, 3 How. 693, 11 L. Ed. 787.

In Fischler v. Wall, 20 Fla. 924, it was held that a citation tested in the name of the judge of the trial court was insufficient, and in Knight v. Weiskopf, 21 Fla. 157, it was ruled that a writ of *scire facias ad audiendum errores* would not avail when tested in the name of the clerk of the trial court. And in Stewart v. State, 42 Fla. 196, 28 So. R. 56, a writ of error from the Supreme Court, which was tested in the name of the trial court judge, was held ineffectual, and the writ was dismissed *sua sponte.* But in Williams v. Pitt, 38 Fla. 162, 20 So. R. 936, the writ was tested in the name of the former Chief Justice, who was then a member of the court, and the error was held to be amendable. And in Mutual Life Ins. Co., v. Hartley, 92 Fla. 237, 109 So. R. 421, the writ of error was tested in the name of a former Chief Justice who was not a member of the court when the writ was issued. In a well considered opinion, this court, speaking through MR. JUSTICE WHITFIELD, held that this was a formal defect in the writ of error, not affecting the jurisdiction of the court, and being amendable would be regarded as having been amended in appropriate proceedings. In that case the defendant in error had not moved to dismiss the writ of error because of this defect, nor had the plaintiff in error asked leave to amend. In this case, the motion to dismiss the writ of error to the Circuit Court on account of this formal defect was not filed until after that court had rendered its judgment reversing the order of the Civil Court of Record. In denying the motion to dismiss the writ of error, the Circuit Judge

rendered an opinion in which he called attention to the fact that the motion had not been filed within ten days after the return day of the writ, and held that the defect complained of was amendable and did not affect the jurisdiction of the court, and that when the judgment of the court was rendered reversing the order of the Civil Court of Record, the court considered such formal defect in the writ as having been amended in appropriate proceedings. Thus the action of the Circuit Court substantially followed the action of this court in Mutual Life Ins. Co., v. Hartley, *supra*.

It is not necessary to repeat here the persuasive reasoning in support of the conclusion reached in the case of Mutual Life Ins. Co., v. Hartley, which is clearly expressed in the opinion in that case and supported by the authorities therein cited. We might observe, however, that the conclusion therein reached finds additional support in Sec. 2 of Chap. 11890 of the Laws of 1927, which provides *inter ali* "proceedings in error shall be amendable as other proceedings," etc.

In the case just cited it was said: "When a purported writ of error is not even colorably the writ of the court to which it is returnable, it is not amendable and will be dismissed." But the writ here complained of was the writ of the Circuit Court to which it was made returnable, and the testing of the same in the name of the two judges of the Circuit Court instead of in the name of the Chief Justice of this court was, under the rule announced in the cited cases, an amendable defect which did not operate to deprive the Circuit Court of jurisdiction.

The motion of respondents will therefore be granted and the writ of certiorari dismissed.

WHITFIELD, STRUM AND BUFORD, J. J., concur.

TERRELL, C. J., AND ELLIS, J., dissent.