M. S. McGREGOR v. OLIN C. HAMMOCK

159 So. 880.
Opinion Filed December 13, 1934.
Petition for Rehearing Granted January 19, 1935.

*M. S. McGregor,* for Appellant;
*Elmer R. Jones,* for Appellee.

PER CURIAM.—This appeal must be dismissed because the notice of appeal was entered on the 7th day of April, 1934, and was made returnable to the second (2nd) day of May, 1934, a day not more than thirty days after the entry thereof and therefore fails to vest jurisdiction of the subject matter in the Supreme Court. DeBogory v. Hafleigh, 81 Fla. 631, 88 Sou. 470; Mutual Life Ins. Co. v. Hartler, 92 Fla. 237, 109 Sou. 421.

It is so ordered.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.

PER CURIAM.—The real question involved in this case is whether or not a court of original jurisdiction may proceed to make such orders as may be deemed needful to the execution of a final decree which has been duly entered and stands absolute without requiring notice to the parties.

The appeal is from an order made after final decree, determining the rights of the parties, had become absolute, as follows:

"This cause coming on this day to be heard upon the Motion of the Complainant for an Order directing the Special Master in this cause to take into his possession and custody the property described in the final decree, for the purpose of effecting a sale of said property as provided in the said final decree, and it appearing to the Court, from the sworn allegations of said Motion, that the Defendant is in default in the payment of the amounts found to be due to the

Complainant in said final decree and that the personal property described in said final decree, and upon which a lien has been adjudged, is now in the possession of the Defendant;

"It is thereupon ORDERED, ADJUDGED AND DECREED That said Motion be and the same is hereby granted and the said S. E. Stone, as Special Master in this cause, be and he is hereby directed to take instanter into his actual custody, control and possession the personal property described in said final decree and to proceed with the sale thereof, in accordance with the terms of said final decree, and that he report his doings to this Court, as directed by the said final decree.

"DONE, ORDERED AND ADJUDGED in Chambers at DeLand, Florida, this 6th day of April, A. D. 1934.

"M. G. ROWE, *Judge*."

We find no reversible error in the making of the Order and, therefore, the same is now affirmed.

Affirmed.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.