SINCLAIR REFINING COMPANY v. PARKS C. HUNTER and HARMON JONES, Individually and as Co-partners Doing Business Under the Name of CENTRAL GEORGIA OIL CO.

190 So. 501
Division A
Order Entered July 5, 1939

*Frank L. Butts,* for Petitioner;

*Roy S. Wood* and *Troy C. Davis,* for Respondents.

PER CURIAM.—On April 11, 1939, we denied petitioner application for writ of certiorari.

On May 6 we entered order granting rehearing on the original petition.

It appears that our denial of the petition was improvidently entered on the ground that petition was not filed within the time prescribed by statute, Chapter 11357, Acts of Extraordinary Session 1925, Sec. 5167, C. G. L.

By the review on certiorari the petitioner seeks an adjudication of the question of an alleged constitutional right and it is clear that he may only have the question reviewed by this Court by review on certiorari.

In Palmer v. Johnson Construction Co., 97 Fla. 479, 121 So. 466, we held:

"If Laws 1925 Extra-Sess. Chap. 11357, creating civil courts of record, vesting circuit courts with appellate jurisdiction and providing that petition for certiorari review in Supreme Court must be filed within 30 days after rendering of judgment by circuit court, was intended to circumscribe Supreme Court's power, under Const., Art. V, Sec. 5, to review and quash, on common-law certiorari, proceedings of inferior tribunals, at least where such proceedings were had without jurisdiction and where no appeal or direct mode of reviewing such proceedings exist, it would be ineffectual:

"If writ of error to civil court of record was so fatally defective as to render it ineffectual as a means of invoking Circuit Court's appellate jurisdiction, the Supreme Court could entertain petition for certiorari under Const., Art. V, Sec. 5, and quash judgment of circuit court in spite of fact that petition for certiorari was not filed within 30 days from rendition of such judgment, as required by Laws 1925, Extra Sess., Chap. 11357." It is therefore, ordered that the writ of certiorari be awarded.

Oral argument denied.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.