**A. H. WYMAN v. CLARENCE NUSSBAUM and DAVID NUSSBAUM,** as copartners, trading and doing business as **NUSSBAUM & SONS.**

32 So. (2nd) 824          June Term, 1947
December 9, 1947          Division A

814

*P. Donald DeHoff* and *James R. Boyd, Jr.,* for appellant.
*Martin Sack,* for appellee.

TERRELL, J.:

This is an application under Rule 35 (e) (f) of the rules of this Court to review a decree of the Circuit Court of Duval County, overruling an application of petitioner for supersedeas pending the consideration and disposition of a petition for certiorari to review an order or decree of the Circuit Court in the said cause.

The record discloses that the order of the Circuit Court which petitioner seeks to supersede was entered October 11th, 1947, and that the Circuit Court denied the application for supersedeas on the ground "that Section 12 of Chapter 8521 of the Laws of Florida, Acts of 1921, provides that petition for writ of certiorari in such cases as this must be filed within 30 days after rendering of judgment by the Circuit Court." The application for supersedeas was made November 18, 1947, which was more than 30 days after the entry of the decree which petitioner attempts to supersede.

Rule 35 (f) of the rules of this Court provides that when it shall be made to appear to the lower court that application for certiorari has been made or is about to be made to this Court, the lower court may grant a supersedeas to stay further proceedings in the cause. The application for supersedeas in question recites that petition for certiorari is about to be made to this Court. It is apparent from the face of the order denying the application that the Circuit Court was of the opinion that Section 12, Chapter 8521 was the controlling law and requires such applications to be made within 30 days. We do not think this is the law. Rule 28 of this Court allows sixty days from the date of the proceeding, order, judgment, or decree sought to be reviewed, to file petition for certiorari in this

Court for that purpose. The Legislature of 1945, by Section 8, Chapter 22854, amended Section 59.08, Florida Statutes 1941, to provide that appeals, including petitions for review by certiorari shall be taken within sixty days from the entry of the order or decree appealed from.

It is accordingly our view that Rule 28, as approved by Chapter 22854 in effect repealed Section 12 of Chapter 8521, in so far as it requires certiorari to review orders of the Circuit Court to be instituted in 30 days. We think the uniform rule is now 60 days, so the Court was in error in holding that the petition must be filed within thirty days. Under the statute and the rule, petitioner had sixty days from October 11, 1947, the date of the judgment appealed from, to bring it here for review, Sinclair Refining Company v. Hunter, 138 Fla. 89, 190 So. 501.

The main purpose of Rule 35 of the Rules of this Court was to revoke the cumbersome and expensive practice of bringing the record to a member of this Court with request for supersedeas. So when such an application is made to the Circuit Court under Rule 35 it is clothed with the same prerogative that this Court would have under like circumstances, that is to say, it should be granted if the record presents a question that the applicant is entitled by law to have reviewed by this Court. It should not be granted in aid of frivolous and useless appeals or those in which no substantial question is presented for review.

It follows that in view of the law expressed herein, certiorari is granted and the judgment is quashed with leave to petitioner to review his application for supersedeas to the court below on the petition previously denied, provided the renewal be seasonably made. It may be that the Circuit Court had other reasons than those expressed in his order for denying the application for supersedeas.

It is so ordered.

THOMAS, C. J., CHAPMAN and SEBRING, JJ., concur.