84 So.2d 556 (1956)
Louise ST. GERMAIN and her husband, Rialbeau St. Germain, Appellants,
v.
William Harold CARPENTER, Appellee.
Supreme Court of Florida. Special Division A.
January 11, 1956.
*557 Eli Breger, Miami Beach, and Harvey St. Jean, Miami, for appellants.
F.E. Gotthardt of Morehead, Forrest, Gotthardt & Orr, Miami, for appellee.
HOBSON, Justice.
This is an appeal by plaintiffs from judgment entered consequent upon a directed verdict for defendant in a negligence case growing out of an automobile accident.
The complaint alleged that on October 1, 1952, defendant was the owner of a motor vehicle operated by his wife, Pauline, with his knowledge and consent; that this motor vehicle was being operated in a westerly direction on Biscayne Drive at or near its intersection with Krome Avenue, a State highway; that plaintiff Mr. St. Germain was the owner and operator of a motor vehicle traveling north on Krome Avenue at or near its intersection with Biscayne Drive; and that defendant, acting by and through his wife, Pauline, negligently drove, or caused to be driven, his automobile so as to cause it to collide with plaintiffs' automobile.
In his answer appellee admitted ownership and operation of the vehicle as described in the complaint at the time of the accident, but denied all allegations of negligence on his part, as well as all allegations pertaining to damages. Appellee also pleaded contributory negligence.
The trial court was of the opinion that defendant by this answer had admitted only the description of the defendant's vehicle, and not that it was being operated in a westerly direction. Appellants contend that this was error, and we agree. Under Rule 9(e) of the Florida Common Law Rules, 30 F.S.A., in effect when this action was filed, [presently Rule 1.8(e), 1954 Florida *558 Rules of Civil Procedure, 30 F.S.A.,] facts in a complaint well pleaded and not denied, other than allegations of damages, are deemed to be admitted. Thus defendant plainly admitted that his vehicle was being operated in a westerly direction on Biscayne Drive. It is admitted on this appeal that Biscayne Drive is a stop street.
At the close of plaintiff's case, the trial court granted defendant's motion for a directed verdict on the ground that plaintiffs had not made out a prima facie case of negligence.
At the trial it appeared that appellee's wife, who was alone in the car at the time of the accident, had died the following day as a result of her injuries. There were no surviving witnesses to the accident except the plaintiffs (Mrs. St. Germain had accompanied her husband as a passenger). Mr. St. Germain testified that he saw a blur coming from his right (i.e., to the east of him) an instant before the impact. He testified that the Carpenter car was being operated at great speed, and that he was going about 35 miles per hour when the crash occurred.
Considering the admissions made by defendant-appellee with the evidence at the trial, there was proof from which the jury could have inferred that the decedent had passed a stop sign at great speed, had attempted to cross the intersection, and had struck the vehicle of the plaintiffs, which had been proceeding on a State highway at a moderate speed. We think that a prima facie case of negligence was made out, and that it was error to direct a verdict for the defendant. The case is close on its facts to Dehon v. Heidt, Fla., 38 So.2d 39, which is relied upon by appellants. Appellee seeks to distinguish this case on the ground that there was circumstantial evidence as to skid marks and point of impact, whereas in the instant case there was no proof of skid marks or that the point of impact could be definitely ascertained. We think, however, that in view of the admissions which have been made herein, and the testimony at the trial, the case was sufficient to go to the jury even in the absence of additional circumstantial evidence.
Appellant, Mr. St. Germain, had a conversation with the decedent following the accident, but was not permitted to testify as to decedent's statements during this conversation. Appellants contend that exclusion of this evidence was error. The record shows, however, that an insufficient foundation was laid for the reception of this evidence as part of the res gestae, in that the extent of the time interval between the accident and the statements at the hospital was not made clearly to appear. Moreover, the circumstances surrounding the giving of the statements sought to be introduced in evidence were not explored. Since the case must be remanded for a new trial, the plaintiffs will have another opportunity to lay a foundation in order that the trial court may determine accurately whether or not the statement may be received as part of the res gestae.
A police officer had visited the decedent at the hospital on the night of the accident, and he also had received a statement from her which was excluded from evidence. So far as appears, any statement made by the decedent under these circumstances was in the nature of an accident report and it was properly excluded from evidence under F.S. Sec. 317.17, F.S.A., Stevens v. Duke, Fla., 42 So.2d 361.
It follows that the judgment appealed from must be, and it is hereby, reversed and the cause remanded for further proceedings not inconsistent with this opinion.
DREW, C.J., and TERRELL and O'CONNELL, JJ., concur.