89 So.2d 16 (1956)
Louis DRAHOTA, Petitioner,
v.
TAYLOR CONSTRUCTION COMPANY, Respondent.
Supreme Court of Florida. Division A.
July 27, 1956.
*17 E. Paul Beatty and Charles J. Crowder, Miami, for petitioner.
Blackwell, Walker & Gray, Miami, for respondent.
HOBSON, Justice.
This is a petition for common-law certiorari to review a judgment of the circuit court which affirmed a summary judgment of the civil court of record for defendant.
Respondent has moved to quash the petition on the ground that it was not filed within 30 days after the rendering of the judgment by the circuit court as required by F.S. § 33.12, F.S.A. It is not contended that the petition was not filed within 60 days as provided under Rule 22, Supreme Court Rules, 31 F.S.A. The contention of respondent on its motion to quash is therefore without merit, for we have repeatedly held that the time within which to petition for common-law certiorari cannot be limited by statute to a period of 30 days after the judgment of the circuit court. Warshaw-Seattle, Inc. v. Clark, Fla., 85 So.2d 623, 625; Brinson v. Tharin, 99 Fla. 696, 127 So. 313; Palmer v. Johnson Const. Co., 97 Fla. 479, 121 So. 466. And see Atlantic Coast Line Railroad Co. v. Mack, Fla., 64 So.2d 304; Wyman v. Nussbaum, 159 Fla. 813, 32 So.2d 824.
Proceeding to the merits of the case, petitioner contends that the affirmance of the summary judgment for defendant was an abuse of discretion which represented departure from the essential requirements of the law.
Defendant's motion for summary judgment was granted by the civil court of record on the pleadings and upon depositions of plaintiff and defendant.
It is undisputed that the plaintiff (petitioner) on December 16, 1953, was operating his 1947 Crosley automobile on Northwest 146th Street in Dade County, Florida, in a westerly direction. At or about the same time a truck operated by defendant's driver was proceeding in a southeasterly direction along Garden Drive at or near its intersection with Northwest 146th Street. At a point near the middle of the intersection the defendant's truck collided with the automobile operated by the plaintiff, the truck striking the plaintiff's vehicle on its right side. Neither driver saw the other until the collision. So far as appears, neither street was a main thoroughfare or highway. The defendant pleaded contributory negligence and the civil court of record granted defendant's motion for summary judgment without indicating the grounds for such action.
*18 We have reviewed the record in this case and it is obvious that the accident was of a type which cannot occur in the absence of negligence of one or both of the parties. A judgment for the defendant, therefore, must have been predicated upon the view that the plaintiff was guilty of contributory negligence. Upon this point in the case it is clear that there are disputed issues of material fact. Plaintiff testified that the vision to his right was obscured because of the "angle" and the presence of some high grass. If the plaintiff, driving with caution, was the first to enter the intersection he would have the right of way, and the defendant's driver would have had a duty to stop and wait until he passed. The position of the impact on plaintiff's car suggested, although it did not necessarily prove, that the plaintiff's vehicle was already crossing the intersection when defendant's truck entered it. If defendant's truck was first into the intersection and the plaintiff, because of excessive speed under the circumstances or for other causes, failed to stop but attempted to proceed ahead of the truck, plaintiff would be guilty of contributory negligence.
In City of Williston v. Cribbs, Fla., 82 So.2d 150, we pointed out that the defense of contributory negligence ordinarily presents an issue which should be resolved by the jury. The constitutional right to jury trial demands that particular care be accorded in this field, to the end that controverted issues of fact be resolved not upon pleadings and depositions but by a jury functioning under proper instructions. See Smith v. Poston Bridge & Iron, Inc., Fla., 87 So.2d 581; National Airlines v. Florida Equipment Co., Fla., 71 So.2d 741. Moreover, the basic circumstances of the case, considered with the plaintiff's deposition, are at least sufficient to make out a prima facie case of negligence. See St. Germain v. Carpenter, Fla., 84 So.2d 556.
Since the plaintiff was deprived of jury trial in this case, we are of the opinion that an abuse of discretion has been shown sufficient to require the granting of the petition. Accordingly, the petition for certiorari is granted, the judgment of the circuit court is quashed, and the cause remanded for further proceedings not inconsistent herewith.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.