ON MOTION TO DISMISS
PER CURIAM.
We are confronted here with procedural problems. The trial court entered final judgment on March 28. A timely motion for new trial was filed and denied by order entered May 17. Defendants filed their notice of appeal on May 19, but neglected to file assignments of error and directions to the clerk within the time provided by the rule. Appellee-plaintiff moved to dismiss the appeal on the grounds of these failures. In the interim appellant filed an amended notice of appeal. The original notice of appeal and the amended notice of appeal are identical in legal effect.
Since both the notice of appeal and the amended notice of appeal were filed within the time provided by the statutes for an appeal from the judgment we have jurisdiction. Our questions are procedural. In addition to its prime importance of establishing jurisdiction, the filing of the notice of appeal is the event which fixes all subsequent times for performance of acts required in the appellate process. Although an amended notice of appeal may be filed within the time permitted for appeal[1] such an amended notice cannot be the means by which the appellant may alter the time for performance of acts relating to the appeal that have already been established. Appellants are therefore in default for failure to timely file their assignments of error and directions to the clerk. We approve appellants’ excuse for this default and we will enter an order extending the time for appellants to file their assignments of error and directions to the clerk. An order will be entered denying appellee’s motion to dismiss.
SMITH, C. J., and ANDREWS and WALDEN, JJ., concur.

. Mutual Life Insurance Co. v. Hartley, 1926, 92 Fla. 237, 109 So. 421. However, a notice of appeal cannot be amended after expiration of the time allowed for appeal. Seaboard Air Line Railroad Company v. Holt, Fla.1955, 80 So.2d 354.