HOBSON, Justice.
This is an appeal by the plaintiff in a personal injury suit from a summary final judgment for defendants.
At the time of the alleged accident the Miami Herald Publishing Company was installing some new printing presses. Appellant’s employer was engaged by the Herald to perform electrical work. Appellee Paul H. Smith Construction Co., Inc., was employed to do some construction work, and appellee Poston Bridge & Iron, Inc., was employed to do the iron and metal work in connection with the erection of the presses and the catwalks around them. Appellant, an experienced electrician, had been working daily on the job for about six months prior to the accident. On the day of the accident, he was walking down a flight of stair’s around the foot of which a temporary wooden decking had been constructed. Employees of Poston Bridge & Iron, Inc., were removing wooden planks: from this decking and replacing them with steel plates. Appellant sustained his injuries when he fell through a hole in the decking caused by the removal of wooden planking by Poston employees. This hole had been covered when appellant had passed over the spot two hours before the accident, and he had not previously used the stairs when the hole was open.
We have reviewed the record and it is clear that there is no liability as to the Paul H. Smith Construction Có., Inc., and the summary judgment of dismissal as to this appellee must be affirmed.
As to the appellee, Poston Bridge & Iron, Inc., the case- is extremely close on the issues of negligence and contributory negligence. See Breau v. Whitmore, Fla., 59 So.2d 748, and Fields v. Quillian, Fla., 74 So.2d 230. With due regard, however, to the fact that it is a summary judgment *582 which is appealed from, we think that the doubt which we have on this aspect of the case should be resolved in favor of a jury-trial of the issues of the negligence of Pos-ton and contributory negligence of the appellant. See City of Jacksonville v. Stokes, Fla., 74 So.2d 278, and Williams v. City of Lake City, Fla., 62 So.2d 732.
Accordingly, the judgment appealed from must be, and it is hereby, reversed as to Poston Bridge & Iron, Inc., and the cause remanded for further proceedings not inconsistent with this opinion.
Affirmed in part; reversed in part.
DREW, C. J., and TERRELL and THORNAL, JJ., concur.