89 So.2d 482 (1956)
James J. CONNOLLY, Appellant,
v.
SEBECO, INC., a New York corporation, C. Thomas Shinn, Jr., d/b/a Shinn Construction Co., and Tropicana Motel, Inc., a Florida corporation, Appellees.
Supreme Court of Florida. Special Division A.
September 12, 1956.
*483 Russell C. Gay and Matthew M. Slepin, Miami, for appellant.
Wicker & Smith, Miami, for Sebeco, Inc., and Tropicana Motel, Inc.
Blackwell, Walker & Gray, Miami, for C. Thomas Shinn, Jr., d/b/a Shinn Const. Co., appellees.
TAYLOR, Associate Justice.
Plaintiff below, a motel guest, in going from his room to the nearby beach used a flight of stairs the lowest of which was some thirty or forty inches from the beach. The condition of the stairs was the result of construction work in connection with certain changes being made in the premises. Plaintiff negotiated the stairs safely in going to the beach, but in returning to his room he attempted to amount the stairs, his foot slipped and he fell and received injuries.
He sued the owner of the motel, the operator of the motel and the contractor *484 performing the construction work. Each defendant filed a motion to dismiss the complaint and each such motion was denied.
After answers were filed, in which contributory negligence was pled, depositions were taken, affidavits filed and each defendant moved for a summary judgment. These motions were granted and the plaintiff appealed.
Counsel appear to have misconstrued or misunderstood the rules and decisions applicable to the situation presented by the record in this case. To the end that further unnecessary appeals may be avoided we state briefly the following principles applicable to cases of this nature.
The purpose of a complaint is to advise the Court and the defendant of the nature of a cause of action asserted by the plaintiff. The function of a motion to dismiss a complaint is to raise as a question of law the sufficiency of the facts alleged to state a cause of action. For the purpose of passing upon a motion to dismiss the Court must assume all facts alleged in the complaint to be true. Consequently a motion to dismiss a complaint must be decided on questions of law and questions of law only.
On the other hand a motion for summary judgment, in a case of this sort, raises only questions of fact and must be decided upon evidence and not pleadings.
The purpose of a motion to dismiss is to ascertain if the plaintiff has alleged a good cause of action. The purpose of a motion for summary judgment is to determine if there be sufficient evidence to justify a trial upon the issues made by the pleadings. They thus serve entirely different functions.
It frequently happens that a party may plead a good cause of action but have no evidence to sustain the allegations of the pleadings.
On a motion for summary judgment the Court should not be asked to substitute itself for a jury and try controverted issues of fact. For the purpose of such a motion it should be assumed that every fact as to which the party moved against has any appreciable evidence may at a trial be established to the satisfaction of a jury. But if the party moved against has admitted facts which preclude him ever obtaining a judgment, or is without evidence to support a fact which he must establish to succeed, or, in the face of substantial evidence by his opponent, is without evidence to rebut a fact established by his opponent's evidence which, if true, precludes a judgment in his favor, then there is no necessity for a trial and a summary judgment is proper.
Much of the briefs filed in this case revolve around controverted issues of fact as to which there is some evidence on both sides. As to these issues a summary judgment would be entirely improper.
But each of the defendants has plead contributory negligence on the part of the plaintiff. The plaintiff's own testimony, given in answers to interrogatories discloses that he knew the condition of the stairs in question. The defect complained of was obvious. If it were negligence to maintain the stairs in this condition (a question not decided) it was negligence to attempt to use them in that condition with knowledge of that condition. On the other hand if the condition of the stairs was such that a reasonable and prudent person having knowledge of the conditions would use them, and would not be guilty of negligence in so doing, then there was no negligence in maintaining them in such condition. The plaintiff is obviously on the horns of a dilemma  either there was no negligence in maintaining the stairs or he was guilty of contributory negligence in using them.
Under these circumstances the plaintiff, by his own testimony, discloses that he *485 cannot succeed in his quest for damages. The case was properly disposed of by granting a summary judgment for each defendant.
Affirmed.
DREW, C.J., and TERRELL and THORNAL, JJ., concur.