PER CURIAM.
Appellant Towle, an eighty-two year old passenger, alighted from a bus of the appel-lee Greyhound Corporation in its terminal in Jacksonville. He was blind in his right eye and had worn bifocals in the lenses of his eye-glasses to aid the sight in his left eye.
While he was walking across the terminal, Mr. Towle noticed that the baggage door of another bus had been lifted. He walked into the raised door, striking his head.
On an application for a summary judgment by appellee, Towle testified that the area was well lighted; that he saw the opened baggage door extending out from the side of the bus; that he “made a mistake in measurement of the distance from the ground up to the door,” although it looked “like there was enough clearance to get under the door.” There was no conflict in the evidence on the summary judgment application.
The trial judge was of the view that the negligence of the plaintiff was the proximate cause of his injury, in that he was fully aware of the existence of the open door and without regard for his own safety walked into it. On the basis of this finding, he entered his summary final judgment for the appellee bus company.
We are requested to reverse this judgment. No useful purpose would be served in exploring the facts in detail. The salient facts of the occurrence have been epitomized above. The appellant’s own testimony was sufficient to condemn his conduct as the negligence which proximately caused his injury. This being the only conclusion justified by the undisputed facts and there being no genuine issue on any of the material facts, the trial judge properly granted the motion and entered summary judgment accordingly. His judgment is affirmed on the authority of Connolly v. Sebeco, Fla.1956, 89 So.2d 482; Breau v. *799 Whitmore, Fla.1952, 59 So.2d 748; Brant v. Van Zandt, Fla.1954, 77 So.2d 858; Garrring v. King Cole Northshore Hotel, Fla. App.1960, 122 So.2d 207; 23 Fla.Jur.Negligence, § 77.
The judgment is affirmed.
CARROLL, DONALD K., Chief Judge, STURGIS, J., and THORNAL, Associate Judge, concur.