159 So.2d 898 (1964)
Mildred BEIKIRCH and George W. Beikirch, her husband, Appellant,
v.
CITY OF JACKSONVILLE BEACH, a municipal corporation, Appellee.
No. E-224.
District Court of Appeal of Florida. First District.
January 7, 1964.
Rehearing Denied February 10, 1964.
*899 William M. Tomlinson, Arthur T. Boone and Evan T. Evans, Jacksonville, for appellants.
Cox, Grissett, MacLean & Webb, Jacksonville, for appellee.
CARROLL, DONALD K., Judge.
The plaintiffs in a negligence action against a municipal corporation have appealed from a summary final judgment for the defendant entered by the Circuit Court for Duval County.
This summary final judgment was based upon the pleadings and two depositions that had been taken by the parties  the depositions of Mildred Beikirch, the plaintiff wife, and Walter F. Johnson, the defendant's city manager.
In these two depositions the witnesses testified to the following facts:
On October 13, 1961, a large wooden pier, owned by the defendant city and extending into the Atlantic Ocean, was practically destroyed by a fire, leaving in the water a number of charred pilings and other debris in the area where the pier had stood. Realizing that this condition might endanger people on the beach, the city manager ordered the removal of the pilings and the debris that had washed ashore, but this work had not been completed by October 24, 1961, when Mrs. Beikirch was injured. On that day she was walking along the beach within the limits of the defendant *900 city and near where the pier had been, when a wooden beam or piling, washed ashore by the ocean waves, struck and injured her. She identified this beam as one of the charred remnants of the pier that the defendant had permitted to remain in the waters.
In the summary final judgment before us the court did not set forth its reasons for entering the judgment for the defendant  whether because it had concluded that there was no evidence of the defendant's negligence proximately causing the injury or had concluded that the evidence established contributory negligence that barred recovery by the plaintiffs.
The question before us is whether that court erred in entering such summary judgment under our procedural rules in the light of the evidence before it.
The authority for the entry by a trial court of a summary judgment is Rule 1.36 of the Florida Rules of Civil Procedure, 30 F.S.A. In brief, that rule provides that, upon motion of either party and ten days' notice of the hearing thereon, a summary judgment or decree "shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affidavits, if any, show that there is no genuine issue at to any material fact and that the moving party is entitled to a judgment or decree as a matter of law."
In scores of decisions the appellate courts of this state have construed and applied Rule 1.36, usually with reference to the language which we have just quoted from the rule. One of the most important doctrines recognized by our courts is that a summary judgment or decree may not properly be entered even though the evidence is uncontradicted  if that evidence is reasonably susceptible of conflicting inferences. See, for instances, our decisions in Smith v. City of Daytona Beach, Fla.App., 121 So.2d 440 (1960), Pan American Distributing Company v. Sav-a-Stop, Inc., Fla. App., 124 So.2d 753 (1960), and Pollock v. Kelly, Fla.App., 125 So.2d 109 (1960).
Some of the greatest problems perplexing the courts with regard to summary judgments seem to have arisen in negligence actions. In several cases involving such actions the Florida appellate courts have observed that ordinarily the issues of negligence and contributory negligence should be resolved by the jury, rather than disposed of by the court in summary judgment proceedings.
For example, in Drahota v. Taylor Construction Co., Fla., 89 So.2d 16 (1956), the Supreme Court of Florida said in a negligence case in which a summary judgment for the defendant had been entered:
"In City of Williston v. Cribbs, Fla., 82 So.2d 150, we pointed out that the defense of contributory negligence ordinarily presents an issue which should be resolved by the jury. The constitutional right to jury trial demands that particular care be accorded in this field, to the end that controverted issues of fact be resolved not upon pleadings and depositions but by a jury functioning under proper instructions. See Smith v. Poston Bridge & Iron, Inc., Fla., 87 So.2d 581; National Airlines v. Florida Equipment Co., Fla., 71 So.2d 741. * * *"
After quoting the second sentence in the above quotation from the Drahota case, the District Court of Appeal, Third District of Florida, in Holmes v. Forty-Five Twenty-Five, Inc., 133 So.2d 651 (1961), related that rule to negligence actions as follows:
"* * * Negligence cases are extremely troublesome due to the varied fact situations which they present. It has been held that where the case is extremely close on the question of negligence or contributory negligence, `doubt * * * should always be resolved in favor of a jury trial.' Bess v. 17545 Collins Ave., Inc., Fla. 1957, 98 So.2d 490, 492."
The District Court of Appeal, Second District of Florida, recognized the same *901 doctrine in Rofer v. Jensen, 141 So.2d 791 (1962), saying:
"* * * The general rule, of course, is that issues of negligence or contributory negligence are to be determined by the jury and ordinarily should not be disposed of by the Court in a peremptory manner. Where the facts are such that reasonable persons may fairly arrive at different conclusions, the question of negligence or contributory negligence should be submitted to a jury. 23 Florida Jurisprudence, Negligence, 129, and cases therein cited. Numerous other additional authorities may, of course, be cited but the rule is so well established that it is deemed unnecessary. * * *"
A third rule that is useful in determining the merits of the present appeal is that adverted to in the above quotation from the Holmes case  that when the question of negligence or contributory negligence is extremely close, doubt should always be resolved in favor of a jury trial. This rule was recognized and applied by the Supreme Court of Florida in Bess v. 17545 Collins Avenue, Inc., Fla., 98 So.2d 490 (1957), involving a summary judgment. The Supreme Court said:
"We feel this to be a case extremely close on the question of negligence and contributory negligence and in such cases the doubt thereon should always be resolved in favor of a jury trial. * * *"
In order to place the above three rules in proper perspective, we point out that, despite these rules, the researcher can uncover many negligence cases in which the courts of this state have entered or affirmed summary judgment. In such cases, we must assume that the courts were aware of the said rules and determined that the question of negligence or contributory negligence was not an "extremely close" one, that the evidence was not susceptible of conflicting inferences, and that the case was not an "ordinary" case but so extraordinary as to justify the court's determining the questions of fact without submitting them to the jury.
What we say in this opinion, therefore, should not be taken as a holding that a summary judgment should never be entered in a negligence action upon the issues of negligence or contributory negligence. What we do hold is that, when a trial court is considering a motion for summary judgment in a negligence action, the court should always keep in mind and apply the three rules discussed herein before ruling upon such motion.
Applying the said rules to the record on appeal before us, we think that the evidence was susceptible of conflicting inferences on the issues of the defendant's negligence and the plaintiff wife's contributory negligence. At best, the question is extremely close. Under the applicable rules, those issues of fact should be submitted to, and determined by, a jury.
The present case constitutes an almost perfect illustration of the propriety and wisdom of the above three rules, which must be applied before a trial court in a negligence action can properly deprive a litigant of his constitutional right to a jury trial, and enter a summary judgment. For instance, some portions of Mrs. Beikirch's deposition would permit the inference that before she was injured she knew of the fire of October 13 that had nearly destroyed the municipal pier, leaving pilings and other charred debris in the waters, and knew that some debris had washed ashore. One reasonable man might conclude from this that she was negligent in walking on the beach near the water's edge at the time and place. A second reasonable man might from the very same testimony conclude that she was not negligent because, while she may have seen some debris on the shore, she had not seen large objects like pilings wash ashore and so had no reason to anticipate what actually happened. A third reasonable man might take still another view and believe her to be free from negligence *902 because she had a perfect right to walk along the beach and assume that the city, whose employees she had seen working to remove the pilings and debris, would take the necessary precautions to safeguard the public and, in particular remove from the water any pilings that might work loose and wash ashore. A fourth reasonable man might conclude from other testimony she gave that she had not seen any debris that had been washed ashore. These are just a few of the almost unlimited number of different and conflicting inferences that reasonable men might draw from the testimony of Mrs. Beikirch.
In such a situation, of course, a court could not lawfully enter a summary judgment for the defendant on the ground that Mrs. Beikirch was guilty of contributory negligence barring the plaintiffs' recovery. As mentioned above, however, we do not know whether the summary judgment appealed from herein was based by the court upon the ground that the evidence established Mrs. Beikirch's contributory negligence or failed to establish the defendant's negligence.
In any event, a summary judgment on the ground of contributory negligence would be unauthorized through the application of any or all of the three rules discussed above in this opinion. In other words, a summary judgment based on such a ground would be unauthorized because the evidence is reasonably susceptible of different and conflicting inferences of fact, and hence there exists a genuine issue as to a material fact; because this is a negligence action and the issues of fact as to negligence and contributory negligence in such an action should ordinarily be submitted to a jury for determination; and because there is here at least an extremely close question of fact and hence the question should be submitted to a jury.
Apart from the application of these three rules, another well-recognized doctrine alone precludes the entry of a summary judgment on the ground of contributory negligence  the doctrine that the knowledge of an injured party concerning the condition that gave rise to his injury does not bar his recovery in a negligence action unless he had knowledge that the condition was dangerous  that is, that it posed a danger to him. See, for instance, Bartholf v. Baker, Fla., 71 So.2d 480 (1954), in which the Supreme Court of Florida held that "appreciation of the danger" is essential to the defense of contributory negligence, "as is knowledge of the condition which creates the peril."
Consideration of this doctrine is altogether pertinent, for, as we have often pointed out, Rule 1.36, F.R.Civ.P., quoted above, permits the entry of a summary judgment only when there is no genuine issue as to any material fact and "the moving party is entitled to a judgment or decree as a matter of law." We do not think that the defendant was entitled to a judgment "as a matter of law" because of Mrs. Beikirch's having seen the debris along the beach, since the record is devoid of evidence indicating that she knew or should have known that such condition posed a peril to her.
In this appeal the appellee has filed cross-assignments of error concerning two rulings of the Circuit Court denying its motion to dismiss the plaintiffs' complaint and granting the plaintiffs' motion to strike a defense in its answer claiming freedom from liability under a provision of its charter. While the allegations of the plaintiffs' complaint are not set forth in much detail, we think that they fully meet the requirements for claims for relief stated in Rule 1.8(b) of the Florida Rules of Civil Procedure  namely, that a claim for relief "shall set forth a short and plain statement of the ultimate facts on which the pleader relies, and if it informs the defendant of the nature of the cause against him, it shall be held sufficient." We also think the Circuit Court's second ruling striking the mentioned defense was proper. While the court failed to disclose its reasons *903 for striking the said defense, we are of the opinion that the charter provision invoked by the defendant as an absolute bar to its liability is not applicable to the cause of action alleged by the plaintiffs in their complaint.
We conclude that the summary final judgment appealed from was improvidently entered because the evidence before the court presented issues of fact that should be submitted to a jury for determination. The judgment must be, and it is, reversed, and the cause is remanded with directions for further proceedings consistent with the views herein expressed.
Reversed and remanded with directions.
STURGIS, C.J., concurs.
RAWLS, J., dissents.
RAWLS, Judge (dissenting).
In my opinion the able trial judge was eminently correct in rendering a summary final judgment in favor of defendant city in this cause.
Although I entertain serious doubts as to the sufficiency of plaintiff's complaint to initially state a cause of action and also entertain like doubts as to her presenting to the trial court an issue of a material fact as to any negligent act shown to have been committed by defendant city, I shall assume for the purposes of this dissent that plaintiff cleared these hurdles in the proceedings had before the trial court.
In my opinion, the pleadings and proofs before the court upon the instant motion for summary judgment unequivocally demonstrate that plaintiff was guilty of contributory negligence. Undisputed factual matters appearing in the record which lead me to this inescapable conclusion are: plaintiff has lived at the beach (Jacksonville Beach) since 1949 and has always liked to walk the beach and pick up shark's teeth; she visited the area of the burning pier on the morning after the fire (October 13, 1961); she walked the beach between the period of the fire October 13, 1961, and the date of her accident, October 24, 1961, and she had seen debris and pilings on the beach which she recognized as being fragments of the old pier; she saw logs (pieces of piling) "at an angle close enough to the water's edge where the water could pick them up and bring them in", and these logs looked like they were washed in by water because "they were at a casual angle"; some people on the beach advised her shortly before the accident that it was the dirtiest beach they had ever seen and in her own words she stated: "I said that was tar paper which was debris from the old pier and I had found this tack and to be careful"; while she was walking along the beach just prior to the accident, water had been on her foot; the accident occurred around 4:30 in the afternoon and it was "perfectly light", at which time she was looking at tracks on the beach and the next thing she knew the log was on her.
Summarizing the foregoing testimony, it is obvious that this plaintiff was well familiar with the beach in this particular area having walked on it during regular occasions over a number of years; she knew that the pier had burned and debris was being washed up on the beach in the area where she was walking; her familiarity with this beach should have alerted her to the fact that debris was being brought in by the ocean on incoming tides; and she was not looking along the water's edge which had just brought in "logs at a casual angle". In substance this plaintiff with her knowledge of the conditions should have exercised some care for her own safety which she failed to do.
In analyzing the function of a motion for summary judgment, Associate Justice Hugh Taylor speaking for the Supreme Court in Connolly v. Sebeco, Inc.,[1] stated:
"The purpose of a motion for summary judgment is to determine if there be *904 sufficient evidence to justify a trial upon the issues made by the pleadings.

* * * * * *
"* * * [I]f the party moved against has admitted facts which preclude him ever obtaining a judgment * * * then there is no necessity for a trial and a summary judgment is proper." [Emphasis supplied.]
A somewhat analogous situation is found in Faulk v. Parrish.[2] There plaintiff Parrish alleged that defendant Faulk breached his duty to properly light a catwalk and provide other safety measures for his benefit. In an opinion authored by Justice Mathews, the Supreme Court reversed a judgment for the plaintiff. Of particular interest here are the following excerpts from same:
"In this particular case the uncontradicted testimony offered by the plaintiff shows that his own negligence was the sole proximate cause of the injuries, or that it proximately contributed to the injuries. In other words, his own uncontradicted testimony sustained the allegations of his amended declaration which showed that either his own negligence was the sole proximate cause, or his negligence proximately contributed to the injuries.
* * * * * *
"Even though a declaration, or complaint, may not show on its face that the negligence of the plaintiff proximately contributed to the injuries, but uncontradicted testimony of the plaintiff at the time of trial does show that the negligence of the plaintiff proximately contributed to the accident, which caused the injuries, then the defendant may take advantage of such a situation and move for a directed verdict, and it becomes the duty of the trial Judge to grant such motion and direct a verdict for the defendant." [Emphasis supplied.]
And as stated by Judge Wigginton in Andrews v. Goetz:[3]
"* * * [W]hen uncontradicted testimony of the plaintiff shows that his own negligence either constituted the sole proximate cause of, or substantially contributed to his injury, the defendant is entitled to a summary judgment before trial, or a directed verdict during trial."
The facts disclosed in this record show that the negligence of plaintiff proximately contributed to the injuries she sustained. No useful purpose will be served by lengthy trial proceedings which must inevitably result in a directed verdict. In my opinion, the every purpose of the rule is for situations such as here presented. Therefore, the trial judge was eminently correct in entering a summary judgment for the defendant.
NOTES
[1] Connolly v. Sebeco, Inc., 89 So.2d 482, 484 (Fla. 1956).
[2] Faulk v. Parrish, 58 So.2d 523, 526 (Fla. 1952); See also Towle v. Greyhound Corporation, 132 So.2d 798 (Fla.App.1st, 1961).
[3] Andrews v. Goetz, 104 So.2d 653 (Fla. App.1st, 1958).