PER CURIAM.
Dade Federal Savings & Loan Association of Miami filed its complaint to foreclose a mortgage against numerous defendants, including Jack Mintzer and Ethel Chisling.
One of the defendants, Irving Industries, Inc. answered and also filed a complaint to foreclose a mortgage given it by Ethel Chisling. It prayed that its mortgage be declared a lien on the property involved, subsequent and inferior to the lien of Dade Federal but superior to that of all other defendants. The United States answered and asserted a tax lien on the property involved in the foreclosure actions.
Other defendants filed various pleadings not pertinent to this appeal and default judgments were duly entered against those defendants who had not properly answered.
Dade Federal and Irving Industries both moved for a summary final decree with supporting exhibits and affidavits. Their motions came on for hearing and no opposing affidavits or objections were filed by the appellants. The answers of Ethel Chisling had admitted the execution and delivery of *320 the notes and mortgages to both Dade Federal and Irving Industries. The answers consisted primarily of a general denial of the remaining allegations of both actions to foreclose.
The trial court entered its Summary Final Decree of Foreclosure on August 29, 1967.
The defendant, Ethel M. Chisling, filed a timely motion for rehearing. See Rule L-530(a), RCP, 31 F.S.A. In this motion for rehearing she set forth allegations which she claimed constituted genuine issues of material fact. A hearing was held on this motion and the trial court denied the motion. In its order of denial, the court noted that a compromise had been entered into by some of the parties through which Dade Federal was to pay $1750.00 to one of the defendants below. The attorney for Ethel M. Chisling [Jack Mintzer] had acquiesced in the terms of this compromise and the summary final decree was then prepared by Dade Federal accordingly and presented to the court in the presence of the attorney for Irving Industries, Inc.
Jack Mintzer and Ethel Chisling are the only defendants who now appeal from the summary final decree.
Generally, the burden of one who moves for summary judgment is limited to making the required showing only as to those issues raised by the pleadings. Holl v. Talcott, Fla. 1966, 191 So.2d40.
Ethel Chisling admitted in her answer to the cross-claim of Irving Industries to foreclose Lots 5 and 6, all of the material allegations of Irving Industry’s complaint, although they now claim reversible error in the inclusion of Lots 5 and 6 in the final decree.
The appellants have attempted to argue, on rehearing and appeal, evidentiary matters which they had failed to timely present to the trial court. See Grovella v. Cochrane, Fla.App.1958, 102 So.2d 307. See also Connolly v. Sebeco, Inc., Fla.1956, 89 So.2d 482; Engl v. Aetna Life Ins. Co., 139 F.2d 469 (2d Cir.1943). On rehearing, the trial court considered these matters and denied the motion for rehearing.
We find that there was no genuine issue of material fact to be tried and that the appellant has failed to show that the trial court abused its sound discretion in denying the motion for rehearing.
The final decree herein appealed is
Affirmed.