WHATLEY, Judge.
Wayne Fogel sued Staples, The Office Superstore, Inc., in a trip and fall case. Fogel appeals the entry of summary judgment in favor of Staples. We affirm.
Fogel was a customer at a Staples store. Wfliile pushing his shopping cart, Fogel went from one floor surface to another. Fogel stated that the shopping cart encountered no difficulty as he pushed it; however, he fell, suffering injuries. After Fogel’s fall, a strip of material placed between the two floor surfaces was protruding. The trial court noted that neither party alleged Staples had any actual knowledge of the protruding material prior to Fogel’s fall.
The trial court also correctly ruled that no evidence was presented that Staples was on constructive notice of the offending condition. Fogel’s pleading alleged the offending strip was protruding before the fall. At the summary judgment hearing, Fogel suggested that a large, heavy object or crate had been dragged across the area in question. There was no evidence to support this assertion. As a fall-back position at the summary judgment hearing, Fogel referenced improper installation or maintenance. Fogel filed the affidavit of an expert who appears not to have inspected the Staples store at which Fogel fell. The expert also spoke to the possibility of improper installation or maintenance of the subject molding. However, the expert concluded his opinion by stating that “the carpet molding which caused Wayne Fogel to trip would have been protruding and not flush to the floor prior to his fall.”
Fogel’s pleading asserted a claim which is governed by the rule that “[t]o recover for injuries incurred in a slip-and-fall case, the plaintiff must generally prove that the owner of the premises had actual or constructive notice of the dangerous condition.” Schaap v. Publix Supermarkets, Inc., 579 So.2d 831, 834 (Fla. 1st DCA 1991).
Fogel presented no evidence to support a claim of improper maintenance.[1] Likewise, Fogel presented no evidence to support a claim of improper installation. Further, Fogel did not plead a cause of action for improper installation. Had he done so, he would have been confronted with satisfying the requirement of the Slavin doctrine. See Slavin v. Kay, 108 So.2d 462 (Fla.1959). Staples was not required to defend matters not asserted in the pleadings.
The purpose of a complaint is to advise the Court and the defendant of the nature of a cause of action asserted by the plaintiff.
*32 The purpose of a motion for summary-judgment is to determine if there be sufficient evidence to justify a trial upon the issues made by the pleadings.
Connolly v. Sebeco, Inc., 89 So.2d 482, 484 (Fla.1956).
The summary judgment was correctly entered.
Affirmed.
PATTERSON, A.C.J., and BLUE, J„ concur.

. If Fogel had been able to prove improper maintenance, which caused the offending condition, this would have been the equivalent of actual notice by Staples.