# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1126
LT Case No. 2023-CA-000098

_____

RHONDA LYNN BLANTON, as
Personal Representative of the
Estate of Linda Eulee Daughtry

    Appellant,

    v.

ARBOR FACILITY, INC., APEX
GLOBAL SOLUTIONS, LLC,
VINTAGE HEALTHCARE, LLC,
MICHAEL BLEICH, DWAYNE
GRAHAM, MILLENNIAL
HEALTHCARE SERVICES, LLC,
OLD WIRE ROAD CARE, INC.,
FLORIDA CARE FL, INC., and
PREMIER CLINICAL SOLUTIONS,
INC., n/k/a Kings Health
Management, Inc.,

    Appellees.

_____

On appeal from the Circuit Court for Sumter County.
Michelle T. Morley, Judge.

Joanna Greber Dettloff, Megan Archey, and Kyle D. Ross, of
Mendes, Reins & Wilander, PLLC, Tampa, for Appellant.

Kelli Biferie Hastings and Mark A. Humphrey, of Humphrey Law
Group, Longwood, for Appellees, Arbor Facility, Inc., Apex Global

Solutions, LLC, Vintage Healthcare, LLC, Michael Bleich, and Dwayne Graham.

Diana N. Evans, Jacob B. Hanson, and Michael J. Birnkrant, of Bradley Arant Boult Cummings LLP, Tampa, for Appellee, Millennial Healthcare Services, LLC.

August 8, 2025

JAY, C.J.

The trial court dismissed this case with prejudice after finding that the complaint failed to state a cause of action. We reverse.

I.

Cypress Care Center ("CCC") is the nursing home where Linda Daughtry ("Decedent") lived for much of March and April 2021. Her estate later sued several defendants, alleging that they operated CCC as a high-census, high-acuity facility without providing commensurate staff. Estate alleged that this ongoing staffing shortage deprived Decedent of the care she needed.

The court dismissed multiple iterations of the complaint, each time finding it to be legally insufficient. Ultimately, Estate filed its fourth amended complaint, which is the subject of this appeal. It raised nursing home negligence claims against Arbor Facility, Inc., Apex Global Solutions, LLC, Vintage Healthcare, LLC, Millennial Healthcare Services, LLC, Michael Bleich, and Dwayne Graham. Estate alleged that Arbor held the license to operate CCC, that Apex, Vintage, Millennial, and Bleich were management or consulting companies, and that Bleich and Graham were managing employees. Again, Estate claimed that CCC's chronic understaffing caused Decedent to receive poor care and suffer various injuries.

The defendants again sought dismissal. They argued that Estate did not properly explain how they were eligible to be sued under the nursing home negligence statute or how their actions or omissions caused Decedent's injuries. At the hearing that followed, the court found that Estate was "still focused on conclusions rather

2

than facts," and that another chance to amend the complaint would not "serve any purpose." Accordingly, the court announced that it would dismiss the case with prejudice. In its dismissal order, the court wrote that Estate "failed to pursue administrative remedies before bringing this action and has already attempted four times to state a cause of action."

Estate moved for reconsideration, arguing that it "made significant efforts" to address the court's concerns "by pleading additional factual allegations with respect to each Defendant's duties and breach of those duties." It noted that while the original complaint had 119 paragraphs, the fourth amended complaint had 346. The court denied reconsideration.

## II.

Our review of an order granting a motion to dismiss with prejudice is de novo. *Poirier v. Vills. Senior Hous. I OPCO, LLC*, 395 So. 3d 640, 642 (Fla. 5th DCA 2024).

## A.

"The purpose of a complaint is to advise the Court and the defendant of the nature of a cause of action asserted by the plaintiff." *Connolly v. Sebeco, Inc.*, 89 So. 2d 482, 484 (Fla. 1956). It is "merely a tentative outline" of the plaintiff's position before the case is developed by discovery. *See Poirier*, 395 So. 3d at 643. The plaintiff need only set forth "a short and plain statement of the ultimate facts" that show entitlement to relief. *Id.* at 642 (quoting *Beckler v. Hoffman*, 550 So. 2d 68, 70 (Fla. 5th DCA 1989)). "It is not necessary or even proper" for the complaint "to allege . . . evidentiary facts." *See* Philip J. Padovano, *Florida Civil Practice* § 8:2 (2025 ed.). "This simplified pleading procedure is the primary intent" of Florida Rule of Civil Procedure 1.110, "which eliminated pleading technicalities." *Poirier*, 395 So. 3d at 643.

In turn, the "function of a motion to dismiss . . . is to raise as a question of law the sufficiency of the facts alleged to state a cause of action." *Connolly*, 89 So. 2d at 484; *see also Hernando County v. Hernando Cnty. Fair Ass'n*, 385 So. 3d 668, 670 (Fla. 5th DCA 2024) (reiterating that a motion to dismiss tests a complaint for

"legal sufficiency"). It is not a vehicle for resolving factual disputes. *Fla. Bar v. Greene*, 926 So. 2d 1195, 1199 (Fla. 2006). To the contrary, when ruling on the motion, the court "must assume all facts alleged in the complaint to be true." *Connolly*, 89 So. 2d at 484. So long as the complaint introduces the defendant to "the plaintiff's charge of wrongdoing so that the defendant can intelligently answer the [complaint]," the court errs if it grants dismissal "on the ground that more specific allegations are required." *Poirier*, 395 So. 3d at 643 (quoting *Meadows Cmty. Ass'n v. Russell-Tutty*, 928 So. 2d 1276, 1278 (Fla. 2d DCA 2006)).

Applying these principles, "the issue before us is whether the complaint . . . make[s] out a prima facie case for relief" and enables the defendants "to intelligently answer and defend [themselves]." *See Foerman v. Seaboard Coast Line R.R. Co.*, 279 So. 2d 825, 828 (Fla. 1973). We hold that it does.

The complaint arises from section 400.023, Florida Statutes (2021), "which governs civil suits for negligence involving nursing home residents." *Sun Coast Nursing Ctrs., Inc. v. Littman*, 293 So. 3d 1056, 1057 (Fla. 4th DCA 2020). Under the heading, "Violations of the Standard of Care and Injuries," it alleges that Decedent was incontinent and used a wheelchair. She "was at risk for pressure ulcers" but "was not placed on a turning/repositioning program, nor was a pressure reducing device for chair implemented." Citing an assessment from March 2021, the complaint alleges that CCC staff knew about this risk for pressure ulcers and the need for preventative measures but still failed to act. It reports that Decedent was hospitalized "with a pressure injury to her sacrum" in April 2021. According to the complaint, such an injury cannot occur absent "repeated neglect." The complaint also asserts that staff did not properly document Decedent's condition. It concludes that these "failures stemmed from a nursing staff that is inadequately trained and/or insufficient in number."

In sum, the complaint alleges that Decedent received substandard care because the defendants operated a chronically understaffed nursing home. The court must accept this allegation and its reasonable inferences as true. *See Greene*, 926 So. 2d at 1199; *Connolly*, 89 So. 2d at 484. Indeed, as in *Poirier*, it is "difficult to ascertain from the trial court's ruling why it found that

4

the Estate had failed to allege sufficient causes of action against Appellees." 395 So. 3d at 643. Had the court ordered Estate to amend its complaint yet again, we are hard-pressed to understand what Estate could have done to satisfy the seemingly unending demand for greater and greater detail.

## B.

Estate's allegation that several defendants were management or consulting companies also does not merit dismissal. The nursing home negligence statute allows claims "against the licensee, the licensee's management or consulting company, the licensee's managing employees, and any direct caregivers." § 400.023(1), Fla. Stat. A management or consulting company is "an individual or entity who contracts with, or receives a fee from, a licensee to provide" certain services. *Id.* § 400.023(2)(b). These services are the hiring or firing of the administrator or director of nursing, controlling staffing levels or the budget, or implementing and enforcing policies and procedures. *Id.*

Citing specific agreements, Estate alleged that Apex, Vintage, Millennial, and Bleich all met this definition. Seizing on the word "company," the defendants argued that under the statute, a nursing home can have only one management or consulting company. They maintained that by alleging the existence of multiple such companies, the complaint contradicted itself.

Regardless of whatever merit this argument could have eventually, it is not ripe for adjudication on a motion to dismiss. It is well settled that "a party may assert inconsistent claims in the same pleading." *Thomas v. Trench Training Sys., LLC*, 377 So. 3d 198, 202 (Fla. 2d DCA 2023) (quoting *Johnson v. Dep't of HRS*, 695 So. 2d 927, 930 (Fla. 2d DCA 1997)). "Indeed, parties may even plead allegations that negate one another." *Id.* at 203. When pleading in the alternative, a plaintiff "invariably will encounter the argument" that the complaint is inconsistent. *See* Christine M. Hoke and Leeza D. Newman, *Florida Civil Practice Before Trial* § 12.5 (14th ed. 2022). "This is not a valid objection, because alternative pleading by its very nature is inconsistent." *Id.* As such, it is not a pleading defect for Estate to allege that multiple defendants qualify as a management or consulting company.

III.

Accepting Estate's allegations as true and drawing all reasonable inferences in its favor, Estate pleaded grounds for relief under the nursing home negligence statute. Thus, the court erred by granting a dismissal with prejudice.[*]

REVERSED and REMANDED.

EDWARDS and PRATT, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

---

[*] The exhaustion of administrative remedies—which the court's order cited—also does not support dismissal. That doctrine requires "a party challenging an agency action or decision" to "exhaust all administrative remedies before seeking judicial review." *Pretzer v. Swearingen*, 394 So. 3d 175, 186 (Fla. 1st DCA 2024). Estate did not challenge any agency action. Instead, it cited agency regulations when alleging the defendants' negligence. The primary jurisdiction doctrine—a companion rule discussed by the answer briefs—is likewise irrelevant. It applies when a claim turns on issues that "a regulatory scheme" places "within the special competence of an administrative body." *Id.* at 190 (quoting *Flo-Sun, Inc. v. Kirk*, 783 So. 2d 1029, 1037 n.5 (Fla. 2001)). Holding that it applies here would negate the express purpose of the nursing home negligence statute, which creates an "exclusive cause of action" that "may be brought in any court of competent jurisdiction." *See* § 400.023(1), Fla. Stat.

6