PER CURIAM.
Under consideration for review is a petition for writ of certiorari directed to the Industrial Relations Commission, which under our jurisdiction, pursuant to Art. V, § 3(b)(3), Florida Constitution, provides that our Court “may issue writs of certio-rari to commissions established by general law having statewide jurisdiction.” (Emphasis supplied.)
We have heard oral argument and'carefully examined the briefs and record which reflect, among other things, that petitioner timely sought and received several extensions of time within which to have the transcript of proceedings filed for review. Notwithstanding the last order by the JIC *36 setting the date, the transcript was nevertheless filed late.
Upon motion by respondent, the petition or application for review was dismissed. See § 440.25(4) (b), Florida Statutes.
Petitioner now urges the dismissal to have been a denial and departure from the essential requirements of law and a deprivation of due process. We cannot agree although the unfortunate circumstances of the delay are deserving of sympathy and compassion.
Accordingly, our review is subject to the determination of whether there has been a demonstration of a departure from the essential requirements of law by the Industrial Relations Commission in its ruling and under the admonitions prescribed in Scholastic Systems, Inc. et al. v. Robert LeLoup et al., Fla., 307 So.2d 166 (opinion filed October 24, 1974, now pending on Petition for Rehearing) we fail to find any error.
Therefore, the petition for writ of cer-tiorari is denied.
It is so ordered.
ADKINS, C. J., ROBERTS, McCAIN and DREW (Retired), JJ., and ANDERSON, Circuit Judge, concur.
SIEGENDORF, Circuit Judge, concurs as to result only.
OVERTON, J., dissents with opinion.