661 So.2d 907 (1995)
DSA MARINE SALES & SERVICE, INC., a Florida corporation and Hans and Maria Weissgerber, Petitioners,
v.
COUNTY OF MANATEE, a Political Subdivision of the State of Florida, Respondent.
No. 95-00986.
District Court of Appeal of Florida, Second District.
October 13, 1995.
*908 Alan Hardy Prather, Bradenton, for Petitioners.
H. Hamilton Rice, Jr., County Attorney and Tedd N. Williams, Assistant County Attorney, Bradenton, for Respondent.
PER CURIAM.
Petitioners, hereafter DSA, seek certiorari review of a denial of their petition for writ of certiorari filed in the circuit court which sought review of an adverse decision by the Manatee County Board of County Commissioners.
DSA contracted to purchase waterfront property, contingent upon a zoning change allowing for construction of a marina and dry boat storage facility. DSA applied for the zoning change from residential to planned development waterfront which the Commission approved. However, DSA'S construction proposal was disapproved and, in fact, no approval for a specific land use was granted.
DSA timely petitioned for certiorari review by the circuit court and simultaneously moved to supplement the record as more documents became available. Shortly thereafter, DSA filed an amended petition with a more thorough but not yet completed, appendix. The circuit court never ruled on the motion to supplement and denied the amended petition without ordering a response on the merits, finding that DSA failed to make a prima facie showing for relief. This was apparently done without affording DSA an opportunity to furnish the court with a complete record in support of its position. DSA moved for rehearing seeking, among other things, more specific guidance detailing the insufficiency of the petition and an opportunity to amend once again. The circuit court denied the motion for rehearing.
In reviewing the circuit court's denial of a petition for certiorari which sought review of an administrative action, this court must examine whether procedural due process has been afforded and whether the essential requirements of law have been observed. See, e.g., Haines City Community Development v. Heggs, 658 So.2d 523 (Fla. 1995).
*909 Several elements are embraced in the notion of procedural due process, none more important than the right to be heard. Due process mandates that in any judicial proceeding the litigants must be afforded an opportunity to be heard. See E.I. DuPont De Nemours & Co. v. Lambert, 654 So.2d 226 (Fla. 2d DCA 1995). In DuPont, this court reversed an order setting aside a confidentiality order without affording an opportunity to the party which owned the confidential material to be heard on the issue.
Similarly, in Cavalier v. Ignas, 290 So.2d 20 (Fla. 1974), the supreme court reversed an order granting relief to the plaintiff upon his second amended complaint while all the parties were anticipating a further hearing that the court had promised them. The case was remanded with directions to afford the aggrieved party notice and an opportunity to be heard on the second amended complaint.
Because certiorari petitions must be filed within thirty days from the date of rendition of the subject order, it is sometimes impossible to compile and contemporaneously file the entire record as an appendix to the petition. In its motion to supplement the record below, DSA indicated its intention to confer with respondent regarding potential stipulations for filing the record, ostensibly with the aim of not overburdening the circuit court record.
Under these circumstances, we hold the circuit court's summary denial of the petition without allowing DSA a reasonable time to assemble a complete record deprived DSA of procedural due process. Accordingly, we grant the petition, quash the order of the circuit court and remand with directions to permit DSA to complete its appendix to its petition below.
Should the circuit court, upon review of the entire record, again feel that the petition merits denial for failing to make a prima showing for relief, it would be helpful for the parties, and for this court should subsequent review be sought, if the court indicates more specifically in its order the nature of the deficiencies giving rise to the denial.
Certiorari granted, order quashed and cause remanded with directions.
RYDER, A.C.J., and FRANK and PARKER, JJ., concur.