706 So.2d 62 (1998)
NORTH BEACH ASSOCIATION OF ST. LUCIE COUNTY, INC. and K. Brian Killday, Petitioners,
v.
ST. LUCIE COUNTY, Florida, Respondent.
No. 97-1524.
District Court of Appeal of Florida, Fourth District.
February 4, 1998.
Rehearing Denied March 10, 1998.
*63 Howard K. Heims, Stuart, for petitioners.
H. Michael Madsen of Vickers Madsen & Goldman, LLP, Tallahassee, and Daniel S. McIntyre, Fort Pierce, for respondent.
WARNER, Judge.
Petitioner, landowner, filed a petition for writ of certiorari to challenge the rezoning of a development project which was close to his property. After petitioner amended the petition to allege additional grounds, the trial court dismissed the amended petition on the ground that the court had no jurisdiction to consider the substantive arguments that the petitioner raised in the amended petition.
A petition for certiorari may be amended to include additional substantive arguments when the interests of justice are served thereby. The 1997 committee note to Florida Rule of Appellate Procedure 9.040(d) provides:
Subdivision (d) is the appellate procedure counterpart of the harmless error statute, section 59.041, Florida Statutes (1975). It incorporates the concept contained in former rule 3.2(c), which provided that deficiencies in the form or substance of a notice of appeal were not grounds for dismissal, absent a clear showing that the adversary had been misled or prejudiced. Amendments should be liberally allowed under this rule, including pleadings in the lower tribunal, if it would not result in irremediable prejudice.
This rule abrogated the dictum in Laug v. Murphy, 191 So.2d 581 (Fla. 4th DCA 1966), cited by the trial court, to the effect that a notice of appeal cannot be amended after the expiration of the time allowed for appeal.
It is not entirely uncommon for an appellant to request to file an amended brief to raise an additional issue. We grant such motions where the appellant provides a satisfactory explanation as to why he or she did not raise the issue in the initial brief and where there is no prejudice to the opposing party. We see no reason not to extend the same reasoning to the amendment of petitions for extraordinary relief.
Because the trial court departed from the essential requirements of law in determining that it had no jurisdiction to consider the arguments raised in the amended petition, we grant the petition. Although the court also noted that the amended petition was filed without leave of court, petitioner filed a motion for leave to amend with the petition which the trial court at least tacitly granted by issuing an order to show cause requiring the county to respond to the amended petition. Therefore, the record does not support the trial court's alternative reason for dismissal.
Thus, we grant the writ and remand for further proceedings on the amended petition.
STONE, C.J., and FARMER, J., concur.