837 So.2d 492 (2003)
David COOK and Mary Cook, Petitioners,
v.
CITY OF WINTER HAVEN POLICE DEPARTMENT, Respondent.
No. 2D02-2081.
District Court of Appeal of Florida, Second District.
January 8, 2003.
Rehearing Denied February 17, 2003.
*493 Michael P. McDaniel of C. Ray McDaniel, P.A., Bartow, for Petitioners.
Robert J. Antonello of Antonello & Fegers, Winter Haven; and Donald T. Ryce of Hogg, Ryce & Spencer, Bay Harbor Island, for Respondent.
STRINGER, Judge.
David and Mary Cook (the Cooks) challenge an order dismissing their petition for writ of certiorari. Because the circuit court departed from the essential requirements of law by dismissing the petition, we quash the dismissal order and remand for further proceedings.
The Cooks were employed as law enforcement officers by the City of Winter Haven (the City). Based on events not relevant to this court's review, both were charged by administrative complaint with, among other things, conduct not becoming an officer. The City terminated the Cooks' employment following a full administrative review of the charges, and the Cooks filed a timely petition for writ of certiorari in the circuit court.
The Cooks' petition alleged that the city manager erred in rejecting the administrative hearing officer's findings and recommendation. The City moved to dismiss the petition alleging that it failed to state a *494 preliminary basis for relief and was "fatally flawed" because it was not accompanied by an appendix containing a record of the administrative proceedings. The Cooks subsequently filed a transcript of the administrative hearing and a motion to amend their petition to include an appendix and references to the administrative record. Nevertheless, the circuit court dismissed the Cooks' petition before ruling on their motion to amend. The order dismissing the petition was rendered more than a month after the Cooks had filed the administrative hearing transcript.
In reviewing the circuit court's ruling on the Cooks' petition, this court must determine whether the circuit court afforded them due process and applied the correct law, i.e., did not depart from the essential requirements of the law. Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 843 (Fla.2001); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523 (Fla. 1995). Where, as here, a petitioner moves to amend a petition and ultimately files the administrative record before the court rules on a motion to dismiss, we conclude that it is an abuse of discretion to dismiss the petition without hearing argument and ruling on the petitioner's motion to amend. The circuit court failed to afford the Cooks procedural due process by failing to allow them to amend their petition. See DSA Marine Sales & Serv., Inc. v. County of Manatee, 661 So.2d 907 (Fla. 2d DCA 1995) (granting petition for writ of certiorari and finding that the circuit court violated petitioner's due process rights by denying its petition and failing to rule on its motion to supplement the petition with documents from the proceedings below).
As a general policy, all parties should be given a full and fair opportunity to have their disputes settled on the merits. This policy is evident in our rules of appellate procedure with regard to supplementing the record and may reasonably and logically be extended to amending petitions to add or supplement appendices. See Fla. R.App. P. 9.200(f)(2) ("If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because of incomplete record, until an opportunity to supplement the record has been given.") (Emphasis added). Furthermore, amendments to petitions for writ of certiorari are generally allowed to include additional substantive argument when the interests of justice require. Fla. R.App. P. 9.040(d) ("At any time in the interest of justice, the court may permit any part of the proceeding to be amended so that it may be disposed of on the merits."); see also N. Beach Ass'n of St. Lucie County, Inc. v. St. Lucie County, 706 So.2d 62, 63 (Fla. 4th DCA 1998). If amendments which include substantive changes are permissible, certainly a party should be able to amend a petition to comply with procedural rules requiring an appendix and appropriate references thereto.
This is not a case where a petition has been properly dismissed based on a party's complete failure to supply an appendix or failure to move to amend their petition. See, e.g., Dunn v. Sentry Ins., 434 So.2d 45 (Fla. 5th DCA 1983) (denying petition for writ of certiorari due to petitioner's failure to supply an appendix); Aleshire v. Ackerman, 418 So.2d 307 (Fla. 5th DCA 1982) (same); see also City of Miami v. Powers, 313 So.2d 35 (Fla.1975) (dismissing petition based on petitioner's persistent failure to comply with court orders setting due dates for filing an appendix). Errors and omissions in the record, or in this case an appendix, should not thwart review on the merits when, as here, the record demonstrates the parties' earnest effort to amend their petition to include *495 an appendix. See DSA Marine, 661 So.2d at 909.
We therefore quash the dismissal order and remand the matter for further proceedings.
ALTENBERND and WHATLEY, JJ., Concur.