PER CURIAM.
Christopher N. Kirrie, individually and as trustee of the Christopher N. Kirrie Trust u/t/d June 20, 1995, and Ishiko Kir-rie (collectively, the Kirries) filed a petition for writ of certiorari in this court. They challenge an order of the Indian River County circuit court, in its appellate capacity, affirming per curiam, without opinion, an administrative determination of the Indian River County Code Enforcement Board (the board), and the order denying their motion for rehearing. Concluding that the Kirries demonstrated they were deprived of procedural due process, we grant the petition.
The Kirries had a mobile home residence and a manufacturing building on their property. In 1988, the county approved a site plan for a warehouse with dimensions of 80' x 40', a free-standing building twenty feet north of the manufacturing facility. A carport that had existed immediately north of the manufacturing building had been damaged by storms and was removed. The gap between the two buildings was preserved. In approximately 1996, the Kirries constructed over the gap area, integrating the roof and wall lines of the two existing buildings. The gap structure was used as a carport for their recreational vehicle.
In 2010, Indian River County sent the Kirries a notice of code violation based on a complaint that the “footprint” of their warehouse exceeded the 3200-square-foot limitation of the approved site plan (80' x 40'), by being 4000 square feet (100' x 40'). The alleged noncompliance was not timely corrected. The county sent a notice of hearing before the Code Enforcement Board. At the hearing, the Kirries’ counsel explained that they had constructed a structure over the “gap” between the warehouse and another existing manufacturing building in 1996. It was not part of the warehouse and not used for warehouse operations. The board found the Kirries in violation by having “an attached garage addition to the warehouse on the property contrary to the approved site plan.”
The Kirries appealed to the circuit court. They first argued the county was barred from pursuing the code violation under the principle of administrative res judicata because complaints about the construction between the two buildings had led to the initiation of two administrative actions in 2006, which ended in the issuance of permits and a finding that the property was in compliance. They also argued that the county violated their due process rights by finding them in violation of charges different from those specified in the notice of violation and notice of hearing, i.e., that the garage for residential use was a violation.
In its answer brief, the county asserted that the Kirries could not argue res judica-ta because they had failed to make that specific argument below. As for the due process violation, the change in wording of the nature of the violation was a result of the Kirries’ presentation at the hearing, where they argued the enclosed area was used as a garage, not as an expansion of the warehouse. Regardless of how the addition was used, the Kirries should have obtained a building permit and site plan approval for the new addition.
On the last date for timely service of the reply brief, the Kirries moved for an extension of time to serve the reply brief and for supplementation of the appendix, to address the county’s preservation argu *1179 ment. They sought an order either directing the county to supplement the appendix with a transcript of the proceedings or an opportunity for them to supplement the appendix with the transcript.
The appellate administrative judge (not a member of the three-judge panel that decided the appeal) denied the motion for extension of time as untimely. While the Kirries’ motion requesting supplementation of the appendix was still pending, an appellate panel affirmed the appeal per curiam without opinion.
The Kirries moved for rehearing and for an opinion. They explained that, until the county filed its answer brief, they had no reason to believe the county would argue a lack of preservation. The county would not be prejudiced by supplementation with the transcript, as it had the audio recording of the hearing on its website. The transcript would show they had elicited testimony from the county’s officer that the citizen’s complaint that initiated the prior proceeding involved the same addition to the structure. The three-judge panel denied the motion for rehearing and the motion to supplement.
The standard of review for a petition for second-tier certiorari is whether the petitioner has been denied procedural due process, or whether the circuit court departed from the essential requirements of law in such a way as to cause a miscarriage of justice. See Broward Cnty. v. G.B.V. Int’l, Ltd., 787 So.2d 838 (Fla.2001); Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 530-31 (Fla.1995).
We agree with the Kirries that they were denied due process when the circuit court affirmed the violation without ruling on the pending motion to supplement.
Florida Rule of Appellate Procedure 9.220(a) provides as follows:
(a) Purpose. The purpose of an appendix is to permit the parties to prepare and transmit copies of those portions of the record deemed necessary to an understanding of the issues presented. It ... shall be served as otherwise required by these rules. In any proceeding in which an appendix is required, if the court finds that the appendix is incomplete, it shall direct a party to supply the omitted parts of the appendix. No proceeding shall he determined until an opportunity to supplement the appendix has been given.
Fla. R.App. P. 9.220(a) (italicized emphasis added).
In Cook v. City of Winter Haven Police Department, 837 So.2d 492, 494 (Fla. 2d DCA 2003), two law enforcement officers challenged the termination of their employment after administrative review. They petitioned the circuit court. The city moved to dismiss because the petition was not accompanied by an appendix including the administrative record. The officers moved to amend their petition to include an appendix. The circuit court dismissed the petition before ruling on the motion to amend. Citing rule 9.200(f)(2),[1] the Second District quashed the dismissal and remanded for further proceedings.
The court explained that “[ejrrors and omissions in the record, or in this case an appendix, should not thwart review on the merits when, as here, the record demonstrates the parties’ earnest effort to amend their petition to include an appendix.” Id. *1180 at 494-95. See also DSA Marine Sales & Serv., Inc. v. Cnty. of Manatee, 661 So.2d 907 (Pla. 2d DCA 1995) (circuit court’s summary disposition of petition without allowing petitioner reasonable time to assemble complete record deprived petitioner of procedural due process). Here, denial of the motion to supplement thwarted review of the Kirries’ appeal on the merits.
The Kirries also argue that the notice of hearing alleged the existence of one violation, but the board found a different violation. Whether the board failed to accord the Kirries procedural due process as a result is not reviewable in this second tier certiorari proceeding. Stranahan House, Inc. v. City of Fort Lauderdale, 967 So.2d 1121, 1127 (Fla. 4th DCA 2007); Seminole Entm’t, Inc. v. City of Casselberry, Fla., 813 So.2d 186, 188 (Fla. 5th DCA 2002).
Accordingly, we grant relief based solely on the Kirries’ first argument.

Petition Granted, Decision Quashed.

MAY, C.J., HAZOURI and LEVINE, JJ., concur.

. The rule provides as follows: "If the court finds the record is incomplete, it shall direct a party to supply the omitted parts of the record. No proceeding shall be determined, because of an incomplete record, until an opportunity to supplement the record has been given.” Fla. R.App. P. 9.200(f)(2).