PER CURIAM.
Jason Michael Byron seeks second-tier certiorari review of a St. Lucie Circuit Court appellate decision affirming the county court’s order denying a motion to suppress. We deny the petition on the grounds that Byron has not shown a manifest injustice by the affirmance, even though we disagree with the rationale stated by the circuit court.
The operative facts were essentially undisputed. In July 2011, St. Lucie deputies arrived at an address to execute felony warrants on a named individual. Byron opened the door and told the deputies he was not the person named on the warrants, adding that the person named did not live there. The deputies reported smelling raw marijuana inside the residence and seeing a clear mason jar with what appeared to be a green leafy substance or material in it. They asked Byron to produce identification and then followed him as he entered his apartment.
Byron tried to close the door after the deputies asked for his identification, but they testified that it was standard practice for them to not allow an individual to return back into his residence and out of *117 their sight in these circumstances. Once inside the apartment, the deputies confirmed that the item in the mason jar was marijuana. They also found a loaded firearm and a large marijuana pipe next to the mason jar.
In affirming the county court’s denial of Byron’s motion to suppress, the circuit court panel stated that when Byron retreated inside his apartment to retrieve his identification, the deputies had the right to enter and keep him in their sight for officer safety. The panel concluded that the officers “had probable cause to follow him into the residence to assure that he was not retreating to obtain a weapon. Once inside, they could properly take custody of any contraband in plain sight.” The circuit court panel denied Byron’s motion for rehearing, but one judge on the panel dissented without opinion.
Second-tier certiorari review requires a determination of whether the circuit court denied petitioner procedural due process or failed to apply the correct law (departed from the essential requirements of law) in a way that caused a miscarriage of justice. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003); Kirrie v. Indian River Cnty.Code Enforcement Bd., 104 So.3d 1177, 1179 (Fla. 4th DCA 2012).
Petitioner does not argue a denial of procedural due process. Instead, he argues that the circuit court failed to apply the correct law as enunciated in Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980) (holding that warrant-less arrests in a person’s residence absent exigent circumstances are unconstitutional). We agree with petitioner that the circuit court failed to apply the correct law insofar as it concluded that the deputies had probable cause to follow Byron into his residence to ensure that he was not going inside to obtain a weapon, given that no evidence was offered to support a belief that their safety was threatened in any manner.
Even so, exigent circumstances allowed the seizure of the contraband without a warrant based on the deputies’ observation of marijuana in the apartment from a legal vantage point. It could reasonably be inferred from the circumstances of this case that Byron was aware of what the deputies saw and smelled when the door was first opened. Under any objective view of these facts, the officers acted reasonably in entering the apartment and seizing the contraband before Byron had the opportunity to close the door and dispose of it. See Gilbert v. State, 789 So.2d 426, 429 (Fla. 4th DCA 2001).
We thus conclude that the circuit court’s affirmance was the correct result, even though we base our conclusion on different grounds. As such, petitioner has failed to demonstrate that the circuit court’s affir-mance resulted in a miscarriage of justice, which is required for second-tier certiorari.

Petition Denied.

DAMOORGIAN, C.J., TAYLOR and MAY, JJ. concur.