NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

        Petitioner,

v.

    Case No. 2D17-4479

FRY ENTERPRISES, INC., d/b/a
CORNERSTONE MOBILE GLASS,
as assignee of Mike O'Connor,

        Respondent.

Opinion filed October 31, 2018.

Petition for Writ of Certiorari to the Circuit
Court for the Thirteenth Judicial Circuit for
Hillsborough County; sitting in its appellate
capacity.

Alexandra Valdes of Cole, Scott & Kissane,
P.A., Miami, for Petitioner.

Kristin A. Norse and Stuart C. Markman of
Kynes, Markman & Felman, P.A., Tampa;
David M. Caldevilla of de la Parte & Gilbert,
P.A., Tampa; and Timothy A. Patrick of
Patrick Law Group, P.A., Tampa, for
Respondent.

VILLANTI, Judge.

In this second-tier certiorari proceeding, Progressive Express Insurance

Company seeks a writ to quash the denial of its petition for writ of certiorari to the circuit

court, which had the effect of leaving in place a county court order that denied

Progressive's motion to stay and compel appraisal in an action brought against it by Fry Enterprises, Inc., as the assignee of Progressive's insured. Because the circuit court denied Progressive's certiorari petition in violation of Progressive's procedural due process rights, we grant the petition on this sole basis, quash the circuit court's ruling, and remand for further proceedings.

The facts here are essentially undisputed. Progressive insured Mike O'Connor's vehicle, and the policy included comprehensive coverage for damage to the vehicle. The vehicle sustained damage to its windshield, and O'Connor contacted Fry Enterprises for replacement. Neither O'Connor nor Fry Enterprises contacted Progressive before the windshield was replaced. Instead, Fry Enterprises replaced the windshield and then simply mailed an invoice to Progressive.

When Progressive received the invoice, it paid what it considered to be the "reasonable" charge for a windshield replacement on O'Connor's vehicle, which was approximately $150 less than Fry Enterprises' invoice. It also mailed a letter to both O'Connor and Fry Enterprises stating that it was paying the reasonable cost and that if either O'Connor or Fry Enterprises disputed the amount, Progressive was invoking the appraisal clause in its policy. Progressive also identified the appraiser it wanted to use.

Rather than contacting Progressive or identifying an appraiser after receiving the letter and partial payment, Fry Enterprises immediately sued Progressive for breach of contract. After Progressive was served with the complaint, it first filed a motion to dismiss because Fry Enterprises had named the incorrect corporate defendant. Progressive subsequently filed a motion to stay discovery and compel appraisal. Fry Enterprises filed a response contending that Progressive did not properly

invoke the appraisal clause before it partially paid the invoice, that its identified appraiser was not impartial as required by the policy, and that appraisal should be denied under the "prohibitive cost doctrine."  Importantly, Fry Enterprises did not raise any other arguments or issues in opposition to Progressive's motion.

At the hearing on its motion to dismiss, Progressive acknowledged that, in other cases, plaintiffs had raised issues relating to whether the amount owed for a windshield replacement was a coverage issue not subject to appraisal and whether the appraisal provision of the policy violated the zero deductible statute, section 627.7288, Florida Statutes.  But Fry Enterprises did not argue those issues at the hearing, and the county court's sole ruling was that Progressive's postpayment letter to O'Connor and Fry Enterprises did not clearly and timely invoke the appraisal clause under the policy. No other arguments were made to or ruled upon by the county court when it denied Progressive's motion to dismiss.

Progressive then timely filed a petition for certiorari with the circuit court. In its petition, Progressive argued that its appraisal clause was valid and that it had been properly and timely invoked.  Progressive also argued that appraisal was proper because the dispute was solely over the amount of the loss and not over coverage. Progressive did not address any other issues in its petition because no other issues had actually been raised in or ruled upon by the county court.

The circuit court issued an order to show cause on December 12, 2016, requiring a response to the petition from Fry Enterprises within thirty days.  On January 26, 2017—fifteen days late—Fry Enterprises filed its response.  That response raised the same issues raised in the county court, i.e., that the dispute was not

- 3 -

appraisable, that Progressive did not timely invoke the appraisal clause, and that appraisal should be barred by the prohibitive cost doctrine. On January 31, 2017, Progressive filed its timely reply, which addressed only these issues.

At that point, briefing should have been closed. However, on February 23, 2017, Fry Enterprises filed a second, unauthorized "response" to Progressive's petition. In that second, unauthorized response, Fry Enterprises argued for the first time that the limit of liability provision of Progressive's policy was ambiguous and therefore the dispute was over coverage rather than amount. Fry Enterprises contended that this ambiguity precluded enforcement of the appraisal provision. Progressive moved to strike this second, unauthorized response on March 2, 2017. The circuit court did not rule on this motion.

Then, on May 17, 2017, Fry Enterprises filed a notice of supplemental authority that attached a county court order in a different Progressive case that denied a motion to stay and compel appraisal on a wholly different basis, i.e., that the appraisal provision violated section 627.7288, the zero deductible statute, when applied to claims for windshield replacement. Progressive timely moved to strike this supplemental authority on May 18, 2017, on the ground that it was unrelated to any of the issues raised by the parties in this case.

Despite these two pending motions to strike—one seeking to strike Fry Enterprises' improper second response and the other seeking to strike the irrelevant supplemental authority—the circuit court denied Progressive's petition without explanation. Progressive raised the issue of its pending motions to strike in a motion for rehearing; however, the circuit court denied that motion, stating only that counsel for

Progressive was "well-versed in the issues and is or should be aware of the reasons for the Court's decision." This second-tier certiorari petition followed.

As an initial matter, this court's scope of review on second-tier certiorari is quite limited. When certiorari is invoked to review a decision of the circuit court sitting in its appellate capacity, "[t]he inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law." Haines City Cmty. Dev. v. Heggs, 658 So. 2d 523, 530 (Fla. 1995). As to the procedural due process inquiry, "[p]rocedural due process requires both fair notice and a real opportunity to be heard . . . 'at a meaningful time and in a meaningful manner.' " Keys Citizens for Responsible Gov't, Inc. v. Fla. Keys Aqueduct Auth., 795 So. 2d 940, 948 (Fla. 2001) (quoting Mathews v. Eldridge, 424 U.S. 319, 333 (1976)). "In other words, '[t]o qualify under due process standards, the opportunity to be heard must be meaningful, full and fair, and not merely colorable or illusive.' " Dep't of Highway Safety & Motor Vehicles v. Hofer, 5 So. 3d 766, 771 (Fla. 2d DCA 2009) (alteration in original) (quoting Rucker v. City of Ocala, 684 So. 2d 836, 841 (Fla. 1st DCA 1996)). Thus, depending on the nature of the pending appellate motions, a circuit court's failure to rule on those motions before addressing the merits of the appeal may constitute a violation of procedural due process if the failure to rule means that a litigant was deprived of a full and fair opportunity to be heard.

For example, in Kirrie v. Indian River County Code Enforcement Board, 104 So. 3d 1177, 1178 (Fla. 4th DCA 2012), the Kirries filed a brief in the circuit court raising substantive issues relating to the county court's judgment. In its answer brief, the Board raised a preservation issue that the Kirries had not anticipated. Id. The

Kirries filed a motion to supplement their appendix with additional materials that would address this preservation issue; however, the circuit court affirmed the county court's ruling without addressing the motion to supplement.  Id. at 1178-79.  On second-tier certiorari, the Fourth District quashed the circuit court's ruling, noting that the court's failure to address the pending motion to supplement deprived the Kirries of their procedural due process right to be heard in a meaningful manner.  Id. at 1179; see also Cook v. City of Winter Haven Police Dep't, 837 So. 2d 492 (Fla. 2d DCA 2003) (quashing the dismissal of the Cooks' appeal entered while their motion for leave to amend their appendix was pending because the circuit court's failure to rule on that motion before deciding the case violated their due process rights); DSA Marine Sales & Serv., Inc. v. County of Manatee, 661 So. 2d 907, 909 (Fla. 2d DCA 1995) (granting second-tier certiorari because "the circuit court's summary denial of the petition without allowing DSA a reasonable time to assemble a complete record deprived DSA of procedural due process").  As these cases demonstrate, a circuit court's failure to rule on a party's pending motion directed to the briefing and record before the court prior to the court ruling on the merits of a petition constitutes a denial of procedural due process.

Like the petitioners in Kirrie, Progressive in this case raised arguments in its petition for writ of certiorari relating solely to the issues that had been addressed before and by the county court.  Fry Enterprises initially filed a response that addressed only those issues, and Progressive filed a pertinent reply.  However, Fry Enterprises then filed a second, unauthorized response that raised additional issues, and it filed a

notice of supplemental authority that raised yet more issues.[1]  Progressive moved to strike the second, unauthorized response brief or, in the alternative, for leave to file a reply to the unauthorized response.  Progressive also moved to strike the irrelevant supplemental authority.  But the circuit court denied the certiorari petition without ruling on either of Progressive's motions.  Because the circuit court did not explain the basis for its ruling, there is no way to know whether the circuit court based its decision on issues that were improperly raised for the first time in Fry Enterprises' second, unauthorized response or on supplemental authority that was irrelevant to the case.  Therefore, on these facts, the circuit court's ruling necessarily denied Progressive procedural due process.

In its brief, Progressive seems to invite this court to address the merits of its petition for the first time, contending that if the circuit court had applied the correct law, it would have been required to find that the county court's ruling was in error.  However, this court's role on second-tier certiorari review is limited to quashing the order on review and remanding for the circuit court to apply the correct law.  See, e.g., Broward County v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 844 (Fla. 2001) (noting that the district court's role on second-tier certiorari is limited to a review of the circuit court's decision rather than a de novo review of the underlying county court or agency decision and holding that "[t]he appellate court has no power in exercising its jurisdiction in

---

[1]The additional response and supplemental authority, if allowed, would effectively permit Fry Enterprises to amend its pleadings to raise new and different issues without Fry Enterprises ever having filed a motion for leave to amend and without the county court having ruled on such a motion.  Moreover, because the new and different issues were never presented to the county court, the circuit court would be ruling on those issues in the first instance, which is an improper function for a reviewing court.

certiorari to enter a judgment on the merits of the controversy under consideration nor to direct the [lower tribunal] to enter any particular order or judgment" (quoting Tamiami Trail Tours v. R.R. Comm'n, 174 So. 451, 454 (Fla. 1937))). Therefore, this court has no authority to reach the merits of the underlying dispute between Progressive and Fry Enterprises.

Finally, Fry Enterprises argues that this court does not have second-tier certiorari jurisdiction to entertain Progressive's petition, but this argument is incorrect. This court has second-tier certiorari jurisdiction to review decisions of the circuit court sitting in its appellate capacity. Therefore, this argument does not provide a basis for denial of certiorari here.

In sum, we grant Progressive's petition for writ of certiorari, quash the order of the circuit court, and remand for the circuit court to rule on Progressive's motion to strike Fry Enterprises' second, unauthorized response and its motion to strike Fry Enterprises' supplemental authority. Once the circuit court rules on those motions, it must then consider the merits of Progressive's petition based on the issues properly before it.

Certiorari granted, decision quashed, and case remanded with instructions.

SILBERMAN and MORRIS, JJ., Concur.