DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER MICHAEL LEWIS,**
Petitioner,

v.

**STATE OF FLORIDA,**
**DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES,**
Respondent.

No. 4D2026-0327

[May 6, 2026]

Petition for writ of certiorari the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Lillian B. Ewen, Judge; L.T. Case No. 312025AP000001AXXXVB.

Christopher Michael Lewis, Naples, pro se.

Kathy A. Jimenez-Morales, Chief Counsel, Office of General Counsel, Department of Highway Safety and Motor Vehicles, Tallahassee, for respondent.

PER CURIAM.

Petitioner Christopher Michael Lewis filed a second-tier petition for writ of certiorari seeking to quash a circuit court's opinion affirming a hearing officer's adjudication of civil traffic infractions. Substantively, petitioner argued on appeal that the hearing officer violated Florida Rule of Traffic Court 6.130, which prohibits hearing officers from adjudicating civil infractions issued in conjunction with criminal offenses. *See also* § 318.32(1)(c), Fla. Stat. (2025). The circuit appellate court affirmed the hearing officer's adjudications and cited *Applegate v. Barnett Bank of Tallahassee,* 377 So. 2d 1150, 1152 (Fla. 1979) (explaining that a trial court's decision should be affirmed when the appellant fails to produce an adequate record to demonstrate reversible error).

We grant the petition and quash the circuit court's decision. *See Kirrie v. Indian River Cnty. Code Enf't Bd.*, 104 So. 3d 1177, 1179 (Fla. 4th DCA 2012) (granting petition where the circuit appellate court denied appellants

due process by affirming an administrative decision without ruling on their pending motion to supplement the record).

Pertinently, while petitioner's appeal was pending, he filed a motion to supplement the appellate record to include an exhibit from the lower court docket that he had attached to his initial brief to support his argument. The circuit appellate court did not rule on that motion, and the state argued petitioner had failed to present a sufficient appellate record, including a transcript from the proceedings before the hearing officer.

After the circuit court affirmed, citing *Applegate*, petitioner moved for rehearing, arguing the court overlooked his motion to supplement the record with his "exhibit" and that no transcript was needed. The court denied that motion without explanation.

As this court recognizes, second-tier certiorari review is "extraordinarily limited, and narrow in scope." *State Farm Mut. Auto. Ins. Co. v. CC Chiropractic, LLC*, 245 So. 3d 755, 758 (Fla. 4th DCA 2018) (quoting *Advanced Chiropractic & Rehab. Ctr. Corp. v. United Auto. Ins. Co.*, 103 So. 3d 866, 868 (Fla. 4th DCA 2012)). "Review is limited to whether the circuit court afforded procedural due process and whether it applied the correct law, or stated another way, whether the court departed from a clearly established principle of law." *Id.*

A party's procedural due process rights are violated when a circuit appellate court reviews an incomplete record. *Kirrie*, 104 So. 3d at 1179-80. We have granted second-tier certiorari relief when the circuit appellate court failed to comply with the appellate rule governing correcting and supplementing the appellate record. *See id.*; Fla. R. App. P. 9.200(f)(2) ("No proceeding will be determined, because of an incomplete record, until an opportunity to supplement the record has been given."); *see also Cook v. City of Winter Haven Police Dep't*, 837 So. 2d 492, 494-95 (Fla. 2d DCA 2003) (granting petition where petitioners were denied procedural due process when the court dismissed a petition without ruling on a motion to amend it to include an appendix); *DSA Marine Sales & Serv., Inc. v. Cnty. of Manatee*, 661 So. 2d 907, 909 (Fla. 2d DCA 1995) (granting certiorari petition where reviewing court failed to afford movants procedural due process by refusing them an opportunity to amend their petition to include an appendix).

Accordingly, we grant the petition and quash the circuit court's appellate decision.

*Petition granted.*

KUNTZ, C.J., MAY and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely-filed motion for rehearing.***